UNITED STATES of America, and R.P. Nix, Revenue Officer, Internal Revenue Service, Plaintiffs-Appellees,

v.

Gilbert REIS, Defendant-Appellant.

No. 84–8308

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 16, 1985.

Albert L. Kemp, Jr., Atlanta, Ga., Glenn L. Archer, Jr., Asst. Atty. Gen., U.S. Dept. of Justice, Charles E. Brookhart, Gary D. Gray, Washington, D.C., for plaintiffs-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant/taxpayer Reis appeals from a district court order enforcing an Internal Revenue Service administrative summons requiring him to testify and produce designated records under I.R.C. (26 U.S.C.) §§ 7402(b) and 7604(a). We affirm.

On February 10, 1983, an IRS administrative summons was issued to taxpayer pursuant to I.R.C. § 7602, directing him to appear before an IRS agent and to testify and produce all documents and records in his possession or control reflecting income he received in 1980, in order to enable the IRS to determine his tax liability for that year.

On February 18, 1983, taxpayer came to the office of IRS agent Nix, but refused to produce the summoned documents unless the interview was recorded. Agent Nix declined to comply with those conditions, and taxpayer left without producing any documents for examination. Taxpayer did not appear on the day requested by the summons.

The United States petitioned the district court for enforcement of the summons, pursuant to I.R.C. § 7604. The district court issued an order directing the taxpayer to show cause why the summons should not be enforced. Taxpayer did not testify at the show cause hearing, but filed a motion to dismiss the petition on grounds it was barred by his fifth amendment right against self-incrimination.

The magistrate recommended that the summons be enforced in its entirety, finding that the I.R.S. had made a prima facie showing for the enforcement of the

summons as required by *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1969),[1] and that taxpayer had failed to present facts demonstrating a legally sufficient defense. The magistrate also found that the I.R.S. had not referred the case to the Department of Justice for criminal prosecution. The magistrate's recommendation was adopted by the district court. Taxpayer appeals solely on the constitutional grounds that the fourth and fifth amendments excuse him from the production of the summoned documents.

## DISCUSSION

■ Taxpayer's fourth amendment defense is easily disposed of. The enforcement of an IRS summons does not violate the fourth amendment as long as the IRS has complied with the *Powell* requirements. *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984); *United States v. Roundtree*, 420 F.2d 845, 847–50 (5th Cir.1969). Taxpayer does not dispute the district court's finding that these prerequisites were met.

■ Likewise, taxpayer's fifth amendment defense is without merit. Taxpayer asserts a broad, generalized fifth amendment privilege in refusing to turn over any of the documents requested by the summons.[2] However, a taxpayer seeking the protection of the fifth amendment privilege against self-incrimination must provide more than mere speculative, generalized allegations of possible tax-related criminal prosecution. To invoke the privilege, the taxpayer must be faced with substantial and real hazards of self-incrimination. *See United States v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980); *Ed-*

*wards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982). When the I.R.S. properly issues a summons in support of a civil investigation to determine a taxpayer's legal tax liability, the mere fact that evidence *might* be used against the taxpayer in a later criminal prosecution will not support a blanket claim of self-incrimination. *Roundtree*, 420 F.2d at 852; *United States v. French*, 442 F.Supp. 166, 167–68 (N.D. Iowa 1977), *aff'd*, 567 F.2d 351 (8th Cir. 1978); *see Donaldson v. United States*, 400 U.S. 517, 532–36, 91 S.Ct. 534, 543–45, 27 L.Ed.2d 580 (1971). The fifth amendment privilege "may not itself be used as a method of evading payment of lawful taxes." *Edwards*, 680 F.2d at 1270; *see United States v. Edelson*, 604 F.2d 232, 235 (3d Cir.1979). Therefore, a taxpayer generally must comply with an I.R.S. summons issued under section 7602 as long as it is issued in good faith and prior to a recommendation for criminal prosecution. *See Donaldson*, 400 U.S. at 536, 91 S.Ct. at 545.

■ In the present case, the district court found that taxpayer was not a subject of a criminal investigation and that taxpayer's case had not been referred to the Justice Department for criminal prosecution. Therefore, the court dismissed the fifth amendment claim as without merit. We agree with this disposition. Taxpayer has failed to show that any potential incrimination would occur as a result of the enforcement of the summons; therefore, the fifth amendment will not bar the production of the requested records.

Finding appellant's constitutional claims to be without merit, we AFFIRM the enforcement order of the district court.

---

1. The government must make a preliminary showing that the summons is issued for a legitimate purpose, that the information sought is relevant to that purpose and not already in the Commissioner's possession, and that the appropriate administrative steps have been followed. *United States v. Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–255 *United States v. Centennial Builders, Inc.*, 747 F.2d 678, 680 (11th Cir.1984).

2. The summons requested production of "[a]ll documents and records you possess or control that reflect income you received for the year(s) 1980," including, but not limited to, W–2 forms, Forms 1099, employee earnings statements, and records of bank deposits.