JOSEPH B. WALLMEYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallmeyer v. Commissioner
Docket No. 10727-87
United States Tax Court
T.C. Memo 1990-166; 1990 Tax Ct. Memo LEXIS 184; 59 T.C.M. (CCH) 271; T.C.M. (RIA) 90166; March 28, 1990
Joseph B. Wallmeyer, pro se. John C. McDougal, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for summary judgment. On December 1, 1986, a jeopardy assessment was made against petitioner for taxable years 1980, 1981, 1982, 1983, and 1984, pursuant to section 6861(a). [1] In a notice of deficiency dated January 29, 1987, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1980
$ 5,031.84
$ 2,515.92
--
1981
5,579.00
2,789.50
$ 336.82
*186 Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
Sec. 6654(a)
1982
$  6,683.00
$ 3,341.50
50 percent of
$ 1,670.75
$ 650.21
the interest due
on $ 6,683.00
1983
6,162.00
3,081.00
50 percent of
270.58
--
the interest due
on $ 6,162.00
1984
12,745.00
6,372.50
50 percent of
1,608.00
305.27
the interest due
on $ 12,745.00
Respondent's motion for summary judgment raises the following issues: (1) Whether petitioner failed to report income for taxable years 1980 through 1984; [2] (2) whether petitioner is liable for additions to tax pursuant to sections 6654(a) and 6661; [3] and (3) whether petitioner is liable for the additions to tax for fraud for the taxable years 1981 through 1984. [4]
*187 Respondent contends in his motion for summary judgment that all of the facts necessary for a decision in this case have been established pursuant to Rule 90(c) by reason of petitioner's failure to respond to respondent's request for admissions, and that he is entitled to decision under Rule 121 as a matter of law. Petitioner resided in Richmond, Virginia, at the time he filed his petition in this case. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials presented and the inferences to be drawn from such materials must be viewed in the light most favorable to the party opposing the motion. Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985); Gauntt v. Commissioner, 82 T.C. 96, 101 (1984); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact, and that he is entitled to judgment as a matter of law. Marshall v. Commissioner, 85 T.C. 267, 271 (1985); *188 Naftel v. Commissioner, supra at 529; Gulfstream Land & Development Corp. v. Commissioner, 71 T.C. 587, 596-597 (1979). On October 17, 1988, respondent served upon petitioner a 13-page, 114-paragraph request for admissions pursuant to Rule 90. Because petitioner failed to respond to respondent's request for admissions, the facts set forth therein are deemed admitted and conclusively established. Freedson v. Commissioner, 65 T.C. 333, 335-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Morrison v. Commissioner, 81 T.C. 644 (1983); Rule 90(c) and (f). On March 29, 1989, we held a hearing to consider an oral motion to dismiss for lack of jurisdiction, made by petitioner at a previous hearing. At the conclusion of the hearing, we denied petitioner's oral motion to dismiss for lack of jurisdiction. We then explained to petitioner that the facts contained in respondent's request for admissions are considered conclusively established due to his failure to timely respond pursuant to Rule 90. We further advised petitioner that if he disagreed with any of the facts deemed admitted, he should file a *189 motion requesting to be relieved of those admissions. During the hearing, petitioner asked about his Fifth Amendment right against self-incrimination. We advised him that he could raise his right against self-incrimination, but that unless he could establish that he faced a realistic possibility of criminal prosecution, the privilege would most likely be unavailable to him with respect to the years in issue. During the hearing, respondent's counsel stated that his only objective in this case was to dispose of the civil tax issues. Respondent's counsel also stated that petitioner was not under criminal investigation for any of the years in issue or for any subsequent years. [5]
On June 21, 1989, petitioner filed a letter with the *190 Court which stated: Having read the admissions I received from the IRS, I find myself in a precarious position. If I answer the admissions truthfully, there is a possibility of future prosecution for the years 1980 thru [sic] 1985. Therefore, unless the IRS can give me immunity against futher [sic] prosecution, I must stand on my rights under the Fifth Amendment of the United States Constitution. Absent any evidence of a real threat of criminal prosecution, the Fifth Amendment privilege against self-incrimination cannot be used to justify petitioner's refusal to answer the request for admissions. United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Petitioner has introduced no evidence to support his contention that he faces a substantial and real hazard of criminal prosecution. Under these circumstances, we will not allow petitioner to use the Fifth Amendment as a basis for relieving him from his deemed admissions. Petitioner has made no other allegations regarding the deemed admissions and they will therefore be accepted as true. *191 On July 31, 1989 respondent filed his motion for summary judgment. By Court order, dated August 4, 1989, we ordered petitioner to file a response to respondent's motion. On September 6, 1989, petitioner filed the following response: The Petitioner states that the Declaration of Independence and the Constitution of the United States grants the Petitioner certain inallenable [sic] rights; among which is the right to own property. The Supreme Court has ruled that a person's wages are his property. The Supreme Court has further ruled in it's greatest of decisions, the Maranda [sic] decision, that where rights are concerned, there can be no rule making or legislation that will abrogate them. Therefore, if this tax court rules other than to find the Petitioner free of any dept [sic] to the Commissioner of the Internal Revenue, the Petitioner has no choice other than to find the tax court and it's rulings null & void. The 114 paragraphs of deemed admissions establish that petitioner had taxable income and tax liabilities in the amounts determined in the notice of deficiency. [6] The admissions specify individual sources and amounts of income, deductions, and total annual taxable *192 income and tax. We therefore grant respondent's motion regarding the deficiencies. The next issue for decision is whether petitioner is liable for the additions to tax under section 6654(a) for underpayment of estimated tax for the taxable years 1981 and 1982. For purposes of section 6654(a), taxes withheld from wages are deemed to be a payment of estimated tax for the taxable year. Sec. 6654(e)(2). [7] Facts deemed admitted establish that petitioner is liable for the additions to tax under section 6654(a). See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). We must also decide whether petitioner is liable for the additions to tax under section 6661. Section 6661 imposes an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. [8]Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement *193 is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1). The amount of the understatement is equal to the excess of the amount of tax required to be shown on the return for the tax year less the amount of the tax shown on the return. Woods v. Commissioner, 91 T.C. 88, 94 (1988). For purposes of calculating the amount of the understatement, withheld taxes are disregarded. Woods v. Commissioner, supra at 95 n.12. Because no returns were filed by petitioner, the amount of tax shown on the returns is considered to be zero. Sec. 1.6661-2(d)(2), Income Tax Regs.
To calculate the addition to tax under section 6661, the amount of petitioner's withholding credits must be subtracted from the understatement to determine the amount of any underpayment. Woods v. Commissioner, supra at 99. *194 The deficiencies that we uphold for 1982, 1983, and 1984 qualify as "substantial understatements" as defined in section 6661(b). The facts establish that petitioner did not file income tax returns for the years in issue even though all of the items of income determined by respondent were clearly taxable. None of the provisions for reduction of the section 6661 addition to tax contained in section 6661(b)(2)(B) are applicable. The facts clearly demonstrate that petitioner did not act in good faith or have reasonable cause within the meaning of section 6661(c). Respondent is therefore entitled to summary judgment that the section 6661 addition to tax applies to each of these years. Due to respondent's concession concerning the amount of the deficiency for 1984, the addition to tax under section 6661 for that year will have to be calculated as part of the Rule 155 computation. The final issue for decision is whether we should grant respondent's motion for summary judgment as to the additions to tax for fraud for the taxable years 1981 through 1984. Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax. Sec. *195 7454(a); Rule 142(b). To meet this burden, respondent must establish that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). When fraud is determined, as in the instant case, for more than one taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982); Castillo v. Commissioner, 84 T.C. 405, 409 (1985). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud must never be presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). *196 Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. Spies v. United States, 317 U.S. 492 (1943); Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. a Memorandum Opinion of this Court; Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner, supra at 1123. Respondent may rely on deemed admissions to prove fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981); see Rule 90(f). Petitioner failed to file income tax returns during all of the years in issue. Such conduct, when considered in connection with other facts tending to establish fraud, is strong evidence of fraud. Castillo v. Commissioner, supra at 409; Rowlee v. Commissioner, supra at 1124; Otsuki v. Commissioner, 53 T.C. 96, 107-108 (1969). Petitioner also caused to be filed with his employer and with the Internal Revenue Service false *197 Forms W-4 in which he claimed either to be exempt from income tax withholding or on which he claimed an excessive number of allowances. This conduct provides further evidence of fraud. Rowlee v. Commissioner, supra at 1123-1126; Stephenson v. Commissioner, 79 T.C. 995, 1005-1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner, 78 T.C. 304, 313-314 (1982). Petitioner was convicted of tax evasion (26 U.S.C. sec. 7201 (1982)) for taxable year 1982. His conviction was affirmed on appeal. Such a conviction carries with it the ultimate factual determination that the resulting deficiency (for that particular year only) was due to fraud. Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. a Memorandum Opinion of this Court; Fontneau v. United States, 654 F.2d 8 (1st Cir. 1981); Amos v. Commissioner, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Moore v. United States, 360 F.2d 353, 355 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 74-76 (1964). *198 Finally, petitioner is bound by specific deemed admissions that the deficiencies for each year were due to fraud. Based on this record, respondent's motion for summary judgment will be granted. To reflect concessions and the foregoing, An appropriate order will be issued and decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that the deficiency for 1984 should be reduced to $ 7,328.00. This adjustment is necessary due to concessions made by respondent concerning petitioner's basis in stock sold during 1984. Respondent further acknowledges that the following amounts of income tax were withheld from petitioner's wages as of the due dates of the returns: ↩
Year
Amount
1980
$ 5,344.81
1981
956.96
1983
5,079.68
1984
6,313.00
3. Respondent has conceded the addition to tax under section 6654 for 1984. ↩
4. Respondent has conceded the addition to tax under section 6653(b) for 1980.↩
5. On April 21, 1986, petitioner was indicted for income tax evasion (26 U.S.C. 7201 (1982)↩) for the years 1981 and 1982 and for submitting false documents to the Internal Revenue Service. On October 16, 1986, petitioner was convicted of tax evasion for 1982 and of submitting false documents to the Internal Revenue Service. Petitioner was acquitted of income tax evasion for 1981. His convictions were affirmed on appeal.
6. As previously noted, respondent has conceded that the deficiency for 1984 is less than that determined in the notice of deficiency.↩
7. Section 6654(e)(2) was redesignated as section 6654(g)(1). Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 788-793.↩
8. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986.↩