UNITED STATES of America and Dayna
K. Rich, Revenue Agent of the Internal
Revenue Service, Petitioners,

v.

John Russell BERRY, Respondent.

No. 91–15–G.

United States District Court,
W.D. Tennessee, W.D.

Sept. 30, 1992.

Bill C. Clifton and Michael J. Stengel, Memphis, TN, for respondent.

Michael J. Martineau, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER DENYING PETITION OF THE UNITED STATES TO ENFORCE THE INTERNAL REVENUE SERVICE SUMMONS

GIBBONS, District Judge.

Before the court is the petition of the United States to enforce an Internal Revenue Service summons on John Berry, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).

On January 15, 1990, the Internal Revenue Service began a civil investigation concerning the tax liability of Dr. John Berry and his wife, Dr. Karen Berry, for the 1988 tax year. The Berry's joint return was randomly selected for examination. On February 16, 1990, John Berry notified IRS Agent Dayna K. Rich through his attorneys that he would invoke his Fifth Amendment privilege against self-incrimination with regard to the investigation. Thereafter, Agent Rich served both John and Karen Berry with an I.R.S. administrative summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). This summons ordered both John and Karen Berry to appear before Agent Rich and to produce all documents and records reflecting their incomes for the 1988 tax year. This court held a show cause hearing on this matter on March 27, 1992.

Pursuant to the summons, John Berry appeared on March 19, 1992, with two or more boxes purportedly containing tax records. He declined, however, to identify specifically what records the boxes contained or to turn them over to Agent Rich. He also invoked his Fifth Amendment privilege against self-incrimination. The government now seeks to compel John Berry to comply with the summons and produce the requested documents and records pertaining to the 1988 tax year.

The court finds initially that the IRS has made out a *prima facie* case that it is entitled to enforcement of the summons. This finding shifts the burden to John Berry to disprove the existence of a valid purpose or to show that enforcement of the summons would be an abuse of the Court's process or otherwise would be improper. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1948).

■■■ Berry argues that enforcement of the petition would violate his Fifth Amendment privilege against self-incrimination and relies specifically on the act of production doctrine set forth in *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). Under this doctrine, the very act of producing documents may be privileged because whether or not the contents of the documents themselves are privileged, a government subpoena compels the holder of the documents to perform an act that may have testimonial aspects and an incriminating effect. *Id.* at 612, 104 S.Ct. at 1241.

Berry argues the production of the requested documents would be testimonial and might tend to incriminate him for several reasons. The first is that the government does not know whether the summonsed records exist. He asserts that, by producing the documents, he will inform the IRS that the documents requested do exist and are in his possession. Second, he claims that producing the documents will inform the Internal Revenue Service that the records are both reliable and authentic and that no other documents related to the subject of the investigation are in his possession.

In response, the government cites numerous cases for the proposition that enforcement of an IRS summons does not violate the taxpayer's rights under the Fifth Amendment unless the taxpayer is "faced with substantial and real hazards of self-incrimination." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir.1985). It maintains that his invocation of the Fifth Amendment is too broad and generalized to be sustained, and further that, because this investigation is civil, he should not be allowed to invoke the privilege. They conclude that "[a] taxpayer ... must comply with an IRS summons 'as long as it is issued in good faith and prior to a recommendation for criminal prosecution.'" (Brief of the United States in Support of Petition to Enforce Internal Revenue Service Summons, quoting *Reis*, 765 F.2d at 1096).

■■■ Certainly, a taxpayer seeking Fifth Amendment protection "must provide more than mere speculative, generalized allegations of possible tax-related criminal prosecution." *Reis*, 765 F.2d at 1096. In determining whether such a danger of incrimination exists, a trial judge must examine the "implications of the question[s] in the setting in which [they are] asked." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 817, 95 L.Ed. 1118 (1951). The judge "'[m]ust be governed as much by ... personal perception of the peculiarities of the case as by the facts actually in evidence.'" *Hoffman*, 341 U.S. at 487, 71 S.Ct. at 818 (quoting *Ex parte Irvine*, 74 F. 954, 960 (C.C.Ohio 1896). However, "[t]his does not mean that the defendant must confess the crime he has sought to conceal by asserting the privilege. The law does not require him to 'prove guilt to avoid admitting it.'" *United States v. Neff*, 615 F.2d 1235 (9th Cir.1980) (quoting *Marchetti v. United States*, 390 U.S. 39, 50, 88 S.Ct. 697, 703, 19 L.Ed.2d 889 (1968)). Ultimately, "[i]t is for the court to decide whether his silence is justified." *Hoffman*, 341 U.S. at 486, 71 S.Ct. at 817.

In *United States v. Schlansky*, 709 F.2d 1079 (6th Cir.1983), the United States Court of Appeals for the Sixth Circuit found no

testimonial component in the compelled production of a binder containing the taxpayer's cancelled checks, bank statements, invoices and receipts, all of which were glued to his accountant's worksheets. The court said that the "key question" in such a case was whether the compelled production involves testimonial communication and that:

> The answer to this question in turn depends on whether the very act of production supplies a necessary link in the evidentiary chain. Does it confirm that which was previously unknown to the government; e.g., the existence or location of materials? Does it supply assurance of authenticity not available to the government from sources other than the persons summonsed? Though the party seeking to avoid compliance does not have to show more than is required to demonstrate that the privilege is properly claimed, he must make some showing that the act of production alone would involve an incriminating testimonial communication.

*Id.* at 1084 (citation omitted). Because there was no question as to the existence, location or authenticity of these documents since the taxpayer's accountant and banks had seen everything the binder contained, the *Schlansky* court held that the taxpayer was not entitled to invoke the Fifth Amendment.

█ John Berry has asserted more than a broad, generalized Fifth Amendment privilege. From the testimony presented at the March 27, 1992 show cause hearing, and from the affidavits Berry has filed with the court under seal, the court agrees that he is faced with a substantial threat of self-incrimination. Agent Rich testified that she had no specific knowledge of either the existence or the contents of the summonsed records. While Agent Rich states that "[t]here is no Justice Department referral in effect within the meaning of I.R.C. § 7602(c)" with respect to Berry, it is uncontroverted that Agent Rich is required to refer this case to the Justice Department for criminal investigation if she finds evidence of fraud. Further, it is clear from the testimony that compelling John Berry to produce the summonsed documents is tantamount to forcing him not only to verify the existence of such records reflecting his 1988 income, but also that the documents are in his possession and control, that they are reliable and authentic, and that they are indeed the specific records called for by the summons.

The court finds that John Berry is entitled to invoke his Fifth Amendment privilege against self-incrimination with regard to the Internal Revenue Service summons. The petition of the United States to enforce that summons on John Berry is therefore denied.

IT IS SO ORDERED.