[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 24-10311

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

                                        Petitioner-Appellee,

*versus*

BLAKE M. ADAMS,

                                        Respondent-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61499-DMM

————————————

Before Newsom, Grant, and Dubina, Circuit Judges.

PER CURIAM:

Appellant Blake Adams appeals *pro se* the district court's order granting the government's petition to enforce an Internal Revenue Service ("IRS") summons issued to Adams as part of its investigation to collect his unpaid federal tax liabilities. Adams argues that the district court erred in granting the petition because enforcement of the summons violates his Fifth Amendment rights by requiring him to produce incriminating documents and information. He also asserts that the district court should have imposed sanctions on the IRS for omitting information regarding his identity theft claim and the summons and levies the IRS had previously issued from its enforcement petition. After reviewing the record and reading the parties' briefs, we affirm the district court's order.

## I.

We will not reverse an order enforcing an IRS summons unless it is clearly erroneous. *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). Whether enforcement of a summons violates a taxpayer's Fifth Amendment privilege against self-incrimination is a mixed question of law and fact. *Id.* We review a district court's factual findings for clear error and its application of the law to those facts *de novo*. *Id.*

"We review the denial of sanctions under Federal Rule of Civil Procedure 11 for abuse of discretion." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636 (11th Cir. 2010). Pursuant to

Rule 11, sanctions are "warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The "key to unlocking a court's inherent power" to impose sanctions "is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). A party demonstrates bad faith by knowingly or recklessly raising a frivolous argument, bringing a meritorious claim for the purposes of harassment, delaying or disrupting litigation, or hampering enforcement of a court order. *Id.*

## II.

The IRS is authorized to issue summonses for various purposes, including those related to the collection of tax liabilities. *United States v. Clarke*, 573 U.S. 248, 249-50, 134 S. Ct. 2361, 2364-65 (2014) (quotation marks omitted) (citing 26 U.S.C. § 7602(a)). An IRS summons may require a taxpayer to produce documents related to a tax inquiry. *Id.*, 134 S. Ct. at 2364-65. This summons authority is for inquiry, not accusation. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 816, 104 S. Ct. 1495, 1502 (1984) (quotation marks omitted). If the person to whom the IRS issues a summons fails to comply, the IRS may seek judicial enforcement by demonstrating that the investigation is being conducted for a legitimate purpose, the information sought may be relevant to that investigation, the information sought is not already in the IRS's possession, and the administrative steps required by the Internal

Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964).

The Fifth Amendment privilege against self-incrimination protects an individual from "being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409, 96 S. Ct. 1569, 1580 (1976). Ordinarily, the privilege does not extend to documents, even if such documents "might incriminate [a] taxpayer." *Id.* at 409, 96 S. Ct. at 1580. However, the Fifth Amendment may apply to the act of producing documents when doing so involves testimonial self-incrimination. *Id.* at 411, 96 S. Ct. at 1581. Supplying documents in response to an IRS summons can be communicative by implicitly admitting the existence and possession of certain records, but this admission does not constitute protected testimony when it is a "foregone conclusion" that only marginally contributes to the information the government already possesses. *Id.* at 410-11, 96 S. Ct. at 1580-81.

Additionally, an individual attempting to invoke the Fifth Amendment must "provide more than mere speculative, generalized allegations of possible tax-related criminal prosecution" and demonstrate they are faced with "substantial and real hazards of self-incrimination." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985). "[T]he mere fact that evidence *might* be used against [a] taxpayer in a later criminal prosecution will not support a blanket claim of self-incrimination." *Id.* The district court, not the taxpayer, must evaluate the reasonableness of the taxpayer's claim of

24-10311               Opinion of the Court                    5

potential self-incrimination.  *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).

The record here demonstrates that the district court did not err by granting the IRS's petition to enforce the IRS summons.  The district court found that the IRS met its burden to obtain enforcement because it submitted two sworn declarations from the Revenue Officer investigating the case that set forth the necessary facts. *See United States v. Medlin*, 986 F.2d at 466 (noting that the IRS satisfies its "minimal burden" by presenting an affidavit of the IRS agent investigating the case).  In addition, the record supports the district court's finding that Adams failed to show that enforcement of the summons violated his Fifth Amendment rights.  Adams failed to show that his act of producing the requested documents would involve a testimonial aspect and create a real and substantial risk of self-incrimination, which is necessary to trigger the protections of the Fifth Amendment.  The IRS issued the summons in a civil investigation, and it did not refer the matter to the Justice Department for criminal investigation.  The summons sought to determine Adams's ability to pay tax liabilities he already owed for the years 2010-2015.  As such, Adams fails to establish a Fifth Amendment claim because he cannot show that he had "reasonable cause to apprehend danger of criminal liability" from responding to the summons. *Id.* at 1353.  Accordingly, we affirm as to this issue.

**III.**

In a proceeding to enforce an IRS summons, overlap between the information the IRS already possesses and the information requested in the summons will not bar enforcement if the summons is not harassing and the IRS does not possess the "bulk" of the information it is requesting in the summons. *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981).[1]  Additionally, a dispute regarding an underlying tax liability will not prevent enforcement of a summons because "the validity of the assessment may not be challenged in a summons enforcement proceeding." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008).

Adams requested the district court impose sanctions on the IRS because he claimed that the IRS engaged in deception by omitting from its enforcement petition his claim of identity theft and the IRS's summons and levy notices to his financial institutions. However, the record does not support Adams's contention and, in fact, demonstrates that the district court did not abuse its discretion by declining to impose sanctions.  Adams's claim of identity theft attacked the validity of his underlying tax assessments, which is not a defense a taxpayer can raise in a summons-enforcement proceeding. *See Id.* at 1132.  Further, the IRS's possession of some information about Adams's finances provides no basis to deny enforcement of the summons. *See Davis*, 636 F.2d at 1037.  Because information regarding Adams's identity theft claim and the summons

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and levies the IRS had previously issued was immaterial to the summons enforcement proceeding, the IRS's omission of such information from its petition did not constitute bad faith. Thus, we affirm as to this issue.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting the IRS's petition to enforce an IRS summons.

**AFFIRMED.**