[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13190

_____

D.C. Docket Nos. 9:11-mc-80456-KLR,

9:11-mc-80457-KLR


9:11-mc-80456-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CLARKE,
As Chief Financial Officer of Beekman Vista, Inc.,
DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Defendants-Appellants.

------------------------------------------------------------
9:11-mc-80457-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Plaintiff-Appellant,

MICHAEL CLARKE,
As Chief Financial Officer of Dynamo GP, Inc.,
As General Partner of Dynamo Holdings Limited
Partnership,

Defendant-Appellant.

------------------------------------------------------------

9:11-mc-80459-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Plaintiff-Appellant,

RITA HOLLOWAY,
As Trustee for the 2005 Christine Moog Family
Delaware Dynasty Trust,

Defendant.

----------------------------------------------------------------

9:11-mc-80460-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC JULIEN,
As Trustee for the 2005 Robert Julien Delaware
Dynasty Trust,

2

Defendant,

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Defendant-Appellant.

--------------------------------------------------------------------

9:11-mc-80461-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JULIEN,

Defendant-Appellant,

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 18, 2013)

Before MARCUS, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

This case involves the Internal Revenue Service's (IRS) issuance of five

administrative summonses, pursuant to 26 U.S.C. § 7602, during an investigation

_____

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

3

into the tax liabilities of Dynamo Holdings Limited Partnership (Dynamo). Specifically, (1) Michael Clarke, in his capacity as the chief financial officer of Beekman Vista, Inc., and Dynamo GP, Inc.; (2) Robert Julien; and (3) Dynamo (collectively Appellants) appeal the district court's orders granting the IRS's petitions to enforce the summonses. After careful review of the record, and having had the benefit of oral argument, we vacate the district court's order enforcing the summonses and remand for the district court to hold a hearing.

To obtain enforcement of a summons, the IRS must make a four-part prima facie showing that (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "the inquiry may be relevant to the purpose," (3) "the information sought is not already within the Commissioner's possession," and (4) "the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57–58 (1964); *see also Nero Trading, LLC v. U.S. Dep't of Treasury, IRS*, 570 F.3d 1244, 1248 (11th Cir. 2009). Once the IRS makes its prima facie showing, the burden shifts to the party opposing the summons to either (1) disprove one of the four elements of the IRS's prima facie case, or (2) "convince the court that enforcement of the summons would constitute an abuse of the court's process." *Nero*, 570 F.3d at 1249 (internal quotation omitted). The Supreme Court has stated that because the district court's process is used to enforce a summons, the court should not permit its process to be abused by

4

enforcing a summons that was issued for an improper purpose. *See Powell*, 379 U.S. at 58. According to the *Powell* Court, an improper purpose may include any purpose "reflecting on the good faith of the particular investigation." *Id.*

In *Powell*, the Supreme Court also explained that a party opposing a summons is entitled to an adversary hearing before enforcement is ordered, and that, at the hearing, the opponent "may challenge the summons on any appropriate ground." *Id.* (internal quotation omitted). Subsequently, in *United States v. Southeast First National Bank of Miami Springs*, we held that "an allegation of improper purpose is sufficient to trigger a limited adversary hearing where the taxpayer may question IRS officials concerning the Service's reasons for issuing the summons." 655 F.2d 661, 667 (5th Cir. 1981) (footnote omitted).[1] More recently, we have reaffirmed *Southeast First National Bank*, calling it "the legitimate offspring of the Supreme Court's seminal decision in *Powell*." *Nero*, 570 F.3d at 1249.

Appellants contend they were entitled to discovery and an evidentiary hearing before the district court granted the IRS's petitions to enforce the summonses because they alleged the IRS may have issued and sought to enforce

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the summonses for at least four improper purposes.[2]  One of the reasons the IRS

may have issued the summonses, according to Appellants, was solely in retribution

for Dynamo's refusal to extend a statute of limitations deadline.  Although

Appellants raised the possibility of numerous improper purposes, federal pleading

standards allow claims and defenses to be pled in the alternative, and do not

require them to be consistent.  *See* Fed. R. Civ. P. 8(d)(2) & (d)(3).  If the IRS

issued the summonses only to retaliate against Dynamo, that purpose "reflect[s] on

the good faith of the particular investigation," and would be improper.  *See Powell*,

379 U.S. at 58.

Under our precedents, Appellants were entitled to a hearing to explore their

allegation of an improper purpose.[3]  As we have explained, in situations such as

this, requiring the taxpayer to provide factual support for an allegation of an

improper purpose, without giving the taxpayer a meaningful opportunity to obtain

such facts, saddles the taxpayer with an unreasonable circular burden, creating an

impermissible "Catch 22."  *See Nero*, 570 F.3d at 1250; *S.E. First Nat'l Bank*, 655

F.2d at 667.  While "the scope of any adversarial hearing in this area is left to the

---

[2] We will not reverse a district court's order enforcing an IRS summons unless it is clearly erroneous.  *Nero*, 570 F.3d at 1248.  In addition, we review the denial of discovery and an evidentiary hearing for abuse of discretion.  *Id.*

[3] Appellants, however, are not entitled to discovery.  We have held that the full "panoply of expensive and time-consuming pretrial discovery devices may not be resorted to as a matter of course and on a mere allegation of improper purpose."  *Nero*, 570 F.3d at 1249 (internal quotation and emphasis omitted).

discretion of the district court," binding Circuit authority requires that Appellants be given an opportunity "to ascertain whether the Service issued a given summons for an improper purpose."  *Nero*, 570 F.3d at 1249.  As required by *Southeast First National Bank*, on remand Appellants should be permitted to "question IRS officials concerning the Service's reasons for issuing the summons[es]."  655 F.2d at 667 (footnote omitted).

**VACATED AND REMANDED.**