(Slip Opinion)            OCTOBER  TERM,  2013            1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITED STATES *v.* CLARKE ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 13–301.  Argued April 23, 2014—Decided June 19, 2014

The Internal Revenue Service (IRS) issued summonses to respondents for information and records relevant to the tax obligations of Dynamo Holdings L. P.  See 26 U. S. C. §7602(a).  When respondents failed to comply, the IRS brought an enforcement action in District Court. Respondents challenged the IRS's motives in issuing the summonses, seeking to question the responsible agents.  The District Court denied the request and ordered the summonses enforced, characterizing respondents' arguments as conjecture and incorrect as a matter of law. The Eleventh Circuit reversed, holding that the District Court's refusal to allow respondents to examine the agents constituted an abuse of discretion, and that Circuit precedent entitled them to conduct such questioning regardless of whether they had presented any factual support for their claims.

*Held*: A taxpayer has a right to conduct an examination of IRS officials regarding their reasons for issuing a summons when he points to specific facts or circumstances plausibly raising an inference of bad faith. Pp. 5–9.

  (a) A person receiving a summons is entitled to contest it in an adversarial enforcement proceeding.  *Donaldson* v. *United States*, 400 U. S. 517, 524.  But these proceedings are "summary in nature," *United States* v. *Stuart*, 489 U. S. 353, 369, and the only relevant question is whether the summons was issued in good faith, *United States* v. *Powell*, 379 U. S. 48, 56.  The balance struck in this Court's prior cases supports a requirement that a summons objector offer not just naked allegations, but some credible evidence to support his claim of improper motive.  Circumstantial evidence can suffice to meet that burden, and a fleshed out case is not demanded: The taxpayer need only present a plausible basis for his charge.  Pp. 5–7.

Syllabus

(b) Here, however, the Eleventh Circuit applied a categorical rule demanding the examination of IRS agents without assessing the plausibility of the respondents' submissions. On remand, the Court of Appeals must consider those submissions in light of the standard set forth here, giving appropriate deference to the District Court's ruling on whether respondents have shown enough to entitle them to examine the agents. However, that ruling is entitled to deference only if it was based on the correct legal standard. See *Fox* v. *Vice*, 563 U. S. ___, ___. And the District Court's latitude does not extend to legal issues about what counts as an illicit motive. Cf. *Koon* v. *United States*, 518 U. S. 81, 100. Pp. 7–9.

517 Fed. Appx. 689, vacated and remanded.

KAGAN, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–301

UNITED STATES, PETITIONER *v.* MICHAEL
CLARKE ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 19, 2014]

JUSTICE KAGAN delivered the opinion of the Court.

The Internal Revenue Service (IRS or Service) has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability. If the taxpayer fails to comply, the IRS may petition a federal district court to enforce the summons. In an enforcement proceeding, the IRS must show that it issued the summons in good faith.

This case requires us to consider when a taxpayer, as part of such a proceeding, has a right to question IRS officials about their reasons for issuing a summons. We hold, contrary to the Court of Appeals below, that a bare allegation of improper purpose does not entitle a taxpayer to examine IRS officials. Rather, the taxpayer has a right to conduct that examination when he points to specific facts or circumstances plausibly raising an inference of bad faith.

I

Congress has "authorized and required" the IRS "to make the inquiries, determinations, and assessments of all taxes" the Internal Revenue Code imposes. 26 U. S. C.

§6201(a). And in support of that authority, Congress has granted the Service broad latitude to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." §7602(a). Such a summons directs a taxpayer (or associated person[1]) to appear before an IRS official and to provide sworn testimony or produce "books, papers, records, or other data . . . relevant or material to [a tax] inquiry." §7602(a)(1).

If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court. See §§7402(b), 7604(a). In that proceeding, we have held, the IRS "need only demonstrate good faith in issuing the summons." *United States* v. *Stuart*, 489 U. S. 353, 359 (1989). More specifically, that means establishing what have become known as the *Powell* factors: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *United States* v. *Powell*, 379 U. S. 48, 57–58 (1964). To make that showing, the IRS usually files an affidavit from the responsible investigating agent. See *Stuart*, 489 U. S., at 360. The taxpayer, however, has an opportunity to challenge that affidavit, and to urge the court to quash the summons "on any appropriate ground"—including, as relevant here, improper purpose. See *Reisman* v. *Caplin*, 375 U. S. 440, 449 (1964).

―――――――――

[1] The IRS has authority to summon not only "the person liable for tax," but also "any officer or employee of such person," any person having custody of relevant "books of account," and "any other person the [IRS] may deem proper." 26 U. S. C. §7602(a)(2). For convenience, this opinion refers only to the "taxpayer."

The summons dispute in this case arose from an IRS examination of the tax returns of Dynamo Holdings Limited Partnership (Dynamo) for the 2005–2007 tax years. The IRS harbored suspicions about large interest expenses that those returns had reported. As its investigation proceeded, the Service persuaded Dynamo to agree to two year-long extensions of the usual 3-year limitations period for assessing tax liability; in 2010, with that period again drawing to a close, Dynamo refused to grant the IRS a third extension. Shortly thereafter, in September and October 2010, the IRS issued summonses to the respondents here, four individuals associated with Dynamo whom the Service believed had information and records relevant to Dynamo's tax obligations. None of the respondents complied with those summonses. In December 2010 (still within the augmented limitations period), the IRS issued a Final Partnership Administrative Adjustment proposing changes to Dynamo's returns that would result in greater tax liability. Dynamo responded in February 2011 by filing suit in the United States Tax Court to challenge the adjustments. That litigation remains pending. A few months later, in April 2011, the IRS instituted proceedings in District Court to compel the respondents to comply with the summonses they had gotten.

Those enforcement proceedings developed into a dispute about the IRS's reasons for issuing the summonses. The IRS submitted an investigating agent's affidavit attesting to the *Powell* factors; among other things, that declaration maintained that the testimony and records sought were necessary to "properly investigate the correctness of [Dynamo's] federal tax reporting" and that the summonses were "not issued to harass or for any other improper purpose." App. 26, 34. In reply, the respondents pointed to circumstantial evidence that, in their view, suggested "ulterior motive[s]" of two different kinds. App. to Pet. for Cert. 72a. First, the respondents asserted that the IRS

issued the summonses to "punish[] [Dynamo] for refusing
to agree to a further extension of the applicable statute of
limitations." App. 52. More particularly, they stated in
sworn declarations that immediately after Dynamo de-
clined to grant a third extension of time, the IRS, "despite
having not asked for additional information for some time,
. . . suddenly issued" the summonses. *Id.,* at 95. Second,
the respondents averred that the IRS decided to *enforce*
the summonses, subsequent to Dynamo's filing suit in Tax
Court, to "evad[e] the Tax Court['s] limitations on discov-
ery" and thus gain an unfair advantage in that litigation.
*Id.*, at 53. In support of that charge, the respondents
submitted an affidavit from the attorney of another Dy-
namo associate, who had chosen to comply with a sum-
mons issued at the same time. The attorney reported that
only the IRS attorneys handling the Tax Court case, and
not the original investigating agents, were present at the
interview of his client. In light of those submissions, the
respondents asked for an opportunity to question the
agents about their motives.

The District Court denied that request and ordered the
respondents to comply with the summonses. According to
the court, the respondents "ha[d] made no meaningful
allegations of improper purpose" warranting examination
of IRS agents. App. to Pet. for Cert. 18a. The court char-
acterized the respondents' statute-of-limitations theory as
"mere conjecture." *Id.*, at 14a. And it ruled that the re-
spondents' evasion-of-discovery-limits claim was "incorrect
as a matter of law" because "[t]he validity of a summons is
tested as of the date of issuance," not enforcement—and
the Tax Court proceedings had not yet begun when the
IRS issued the summonses. *Id.*, at 15a.

The Court of Appeals for the Eleventh Circuit reversed,
holding that the District Court's refusal to allow the re-
spondents to examine IRS agents constituted an abuse of
discretion. In support of that ruling, the Court of Appeals

cited binding Circuit precedent holding that a simple "allegation of improper purpose," even if lacking any "factual support," entitles a taxpayer to "question IRS officials concerning the Service's reasons for issuing the summons." 517 Fed. Appx. 689, 691 (2013) (quoting *United States* v. *Southeast First Nat. Bank of Miami Springs*, 655 F. 2d 661, 667 (CA5 1981)); see *Nero Trading, LLC* v. *United States Dept. of Treasury*, 570 F. 3d 1244, 1249 (CA11 2009) (reaffirming *Southeast*).

Every other Court of Appeals has rejected the Eleventh Circuit's view that a bare allegation of improper motive entitles a person objecting to an IRS summons to examine the responsible officials.[2] We granted certiorari to resolve that conflict, 571 U. S. \_\_ (2014), and we now vacate the Eleventh Circuit's opinion.

## II

A person receiving an IRS summons is, as we have often held, entitled to contest it in an enforcement proceeding. See *United States* v. *Bisceglia*, 420 U. S. 141, 146 (1975); *Powell*, 379 U. S., at 57–58; *Reisman*, 375 U. S., at 449. The power "vested in tax collectors may be abused, as all power" may be abused. *Bisceglia*, 420 U. S., at 146. In recognition of that possibility, Congress made enforcement of an IRS summons contingent on a court's approval. See 26 U. S. C. §7604(b). And we have time and again stated that the requisite judicial proceeding is not *ex parte* but

_____

[2] See, *e.g.*, *Sugarloaf Funding, LLC* v. *United States Dept. of Treasury*, 584 F. 3d 340, 350–351 (CA1 2009) (requiring "a sufficient threshold showing that there was an improper purpose"); *Fortney* v. *United States*, 59 F. 3d 117, 121 (CA9 1995) (requiring "some minimal amount of evidence" beyond "mere memoranda of law or allegations" (internal quotations and alterations omitted)); *United States* v. *Kis*, 658 F. 2d 526, 540 (CA7 1981) (requiring "develop[ment] [of] facts from which a court might infer a possibility of some wrongful conduct"); *United States* v. *Garden State Nat. Bank*, 607 F. 2d 61, 71 (CA3 1979) (requiring "factual[] support[] by the taxpayer's affidavits").

adversarial. See *Donaldson* v. *United States*, 400 U. S. 517, 527 (1971); *Powell*, 379 U. S., at 58; *Reisman*, 375 U. S., at 446. The summoned party must receive notice, and may present argument and evidence on all matters bearing on a summons's validity. See *Powell*, 379 U. S., at 58.

Yet we have also emphasized that summons enforcement proceedings are to be "summary in nature." *Stuart*, 489 U. S., at 369. The purpose of a summons is "not to accuse," much less to adjudicate, but only "to inquire." *Bisceglia*, 420 U. S., at 146. And such an investigatory tool, we have recognized, is a crucial backstop in a tax system based on self-reporting. See *ibid.* (restricting summons authority would enable "dishonest persons [to] escap[e] taxation[,] thus shifting heavier burdens to honest taxpayers"). Accordingly, we long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of "oversee[ing] the [IRS's] determinations to investigate." *Powell*, 379 U. S., at 56. So too, we stated that absent contrary evidence, the IRS can satisfy that standard by submitting a simple affidavit from the investigating agent. See *Stuart*, 489 U. S., at 359–360. Thus, we have rejected rules that would "thwart and defeat the [Service's] appropriate investigatory powers." *Donaldson*, 400 U. S., at 533.

The balance we have struck in prior cases comports with the following rule, applicable here: As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. And

although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive. That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing. And the rule is little different from the one that *both* the respondents and the Government have recommended to us.[3]

But that is not the standard the Eleventh Circuit applied. Although the respondents gamely try to put another face on the opinion below, see Brief for Respondents 24–25, and n. 17, we have no doubt that the Court of Appeals viewed even bare allegations of improper purpose as entitling a summons objector to question IRS agents. The court in fact had some evidence before it pertaining to the respondents' charges: The respondents, for example, had submitted one declaration relating the timing of the summonses to Dynamo's refusal to extend the limitations period, see App. 95, and another aiming to show that the IRS was using the summonses to obtain discovery it could not get in Tax Court, see *id.*, at 97–100. But the Eleventh Circuit never assessed whether those (or any other) materials plausibly supported an inference of improper motive; indeed, the court never mentioned the proffered evidence at all. Instead, and in line with Circuit precedent, the court applied a categorical rule, demanding the examination of IRS agents even when a taxpayer made only conclusory allegations. See *supra*, at 4. That was error. On remand, the Court of Appeals must consider the respond-

––––––––

[3] See Tr. of Oral Arg. 29 (respondents) (The taxpayer is entitled to question the agent "when he presents specific facts from which an improper purpose . . . may plausibly be inferred"); *id.*, at 5 (United States) ("[A] summons opponent has to put in enough evidence to at least raise an inference" of improper motive, and "[c]ircumstantial evidence is enough").

ents' submissions in light of the standard we have stated.

That consideration must as well give appropriate deference to the District Court's ruling. An appellate court, as the Eleventh Circuit noted, reviews for abuse of discretion a trial court's decision to order—or not—the questioning of IRS agents. See 517 Fed. Appx., at 691, n. 2; *Tiffany Fine Arts, Inc.* v. *United States*, 469 U. S. 310, 324, n. 7 (1985). That standard of review reflects the district court's superior familiarity with, and understanding of, the dispute; and it comports with the way appellate courts review related matters of case management, discovery, and trial practice. See, *e.g.*, *Hoffmann-La Roche Inc.* v. *Sperling*, 493 U. S. 165, 172–173 (1989); *Crawford-El* v. *Britton*, 523 U. S. 574, 599–601 (1998). Accordingly, the Court of Appeals must take into account on remand the District Court's broad discretion to determine whether a taxpayer has shown enough to require the examination of IRS investigators.

But two caveats to that instruction are in order here. First, the District Court's decision is entitled to deference only if based on the correct legal standard. See *Fox* v. *Vice*, 563 U. S. ___, ___ (2011) (slip op., at 11) ("A trial court has wide discretion when, but only when, it calls the game by the right rules"). We leave to the Court of Appeals the task of deciding whether the District Court asked and answered the relevant question—once again, whether the respondents pointed to specific facts or circumstances plausibly raising an inference of improper motive.

And second, the District Court's latitude does not extend to legal issues about what counts as an illicit motive. As indicated earlier, one such issue is embedded in the respondents' claim that the Government moved to enforce these summonses to gain an unfair advantage in Tax Court litigation. See *supra*, at 4. The Government responds, and the District Court agreed, that any such

purpose is irrelevant because "the validity of a summons is judged at the time" the IRS originally *issued* the summons, and here that preceded the Tax Court suit. Tr. of Oral Arg. 7; see Reply Brief 19–20; App. to Pet. for Cert. 15a. Similarly, with respect to the respondents' alternative theory, the Government briefly suggested at argument that issuing a summons because "a taxpayer declined to extend a statute of limitations would [not] be an improper purpose," even assuming that happened here. Tr. of Oral Arg. 6. We state no view on those issues; they are not within the question presented for our review. We note only that they are pure questions of law, so if they arise again on remand, the Court of Appeals has no cause to defer to the District Court. Cf. *Koon* v. *United States*, 518 U. S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law").

For these reasons, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*