14-3852-cv
*Highland Capital Management, L.P. v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                     *Circuit Judges.*

_____

HIGHLAND CAPITAL MANAGEMENT, L.P.,

                 *Petitioner-Appellant,*                          14-3852-cv


                 v.


UNITED STATES OF AMERICA,

                 *Respondent-Appellee.*


_____

FOR PETITIONER-APPELLANT:          WILLIAM M. KATZ, JR. and Richard B.
                                   Phillips, Jr., Thompson & Knight LLP,
                                   Dallas, Texas.


FOR RESPONDENT-APPELLEE:           SHANE CARGO (Emily E. Daughtry, *on the
                                   brief*), Assistant United States Attorneys,
                                   *for* Preet Bharara, United States Attorney
                                   for the Southern District of New York,
                                   New York, New York.

Appeal from an October 9, 2014, memorandum decision and order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of October 9, 2014 of the District Court be and hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Petitioner-Appellant Highland Capital Management, L.P. ("Highland Capital") challenges a decision and order of the District Court denying its motion to quash a third-party summons served by the Internal Revenue Service ("IRS") on Barclays Bank PLC ("Barclays") and granting the IRS's cross-motion for enforcement. The IRS had issued the summons seeking documents related to its audit of Highland Capital (the "2008 audit"), and particularly regarding losses claimed for 2008 related to two transactions with Barclays. On appeal, Highland Capital argues that the District Court erred in refusing to quash the summons because (1) the IRS failed to provide reasonable notice in advance of issuing the summons, as required by 26 U.S.C. § 7602(c)(1);[1] (2) the summons seeks privileged and irrelevant documents; and (3) the summons was issued in bad faith or for an improper purpose. Finally, Highland Capital argues that the District Court erred by refusing to grant an evidentiary hearing on the question of the IRS's bad faith. "We review the district court's factual findings for clear error and its interpretation of the Internal Revenue Code de novo." *Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I. Relevance and Reasonable Notice

The standard set forth in *United States v. Powell*, 379 U.S. 48 (1964), governs motions to quash an IRS summons. Under *Powell*, "[t]he IRS must make a prima facie showing that: (1) the investigation will be conducted pursuant to a legitimate purpose, (2) 'the inquiry may be relevant to the purpose,' (3) 'the information sought is not already within the Commissioner's possession,' and (4) 'the administrative steps required by the [Internal Revenue] Code have been followed.'" *Adamowicz*, 531 F.3d at 156 (quoting *Powell*, 379 U.S. at 57-58). "Once the IRS has established its prima facie case, 'the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process.'" *Adamowicz*, 531

---

[1] Section 7602(c)(1) of title 26 provides:

> An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

F.3d at 156 (quoting *Mollison v. United States*, 481 F.3d 119, 122 (2d Cir. 2007)). Highland Capital argues that it has disproved the second and fourth *Powell* factors relating to relevance and notice.

## A. Relevance

Highland Capital contends that the summons seeks irrelevant information insofar as it requests documents related to transactions other than the two being investigated in connection with the 2008 audit. In determining relevancy, "[t]his court has consistently held that the threshold the Commissioner must surmount is very low, namely, 'whether the inspection sought might have thrown light upon' the correctness of the taxpayer's returns." *Adamowicz*, 531 F.3d at 158 (quoting *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978)). A court properly "defer[s] to the agency's appraisal of relevancy . . . so long as it is not obviously wrong." *Mollison*, 481 F.3d at 124 (internal quotation marks omitted).

Here, the IRS agent conducting the 2008 audit has submitted a declaration explaining that information about the other transactions was necessary to determine how payments made in connection with a settlement agreement relate to the two transactions being investigated in the audit. Highland Capital has provided no reason for us to conclude that the IRS's appraisal of relevancy was "obviously wrong," and we accordingly find that Highland Capital has not satisfied its "heavy" burden to disprove this *Powell* factor. *Mollison*, 481 F.3d at 122-23, 124.

## B. Reasonable Notice Pursuant to § 7602(c)(1)

Highland Capital argues that the IRS failed to satisfy the administrative requirement that it give a taxpayer "reasonable notice in advance . . . that contacts with persons other than the taxpayer may be made" in the course of an investigation. *See* note 1, *ante*. The IRS argues that it satisfied this requirement in three ways: first, by sending Highland Capital a copy of "Publication 1," also known as the "Taxpayer Bill of Rights," which contains a boilerplate notice that "we sometimes talk with other persons"; second, by orally notifying Highland Capital during a January 2014 meeting that it would approach Barclays to obtain the firms' settlement agreement; and finally, by complying with the notice provisions of 26 U.S.C. § 7609(a)(1).[2] Highland Capital argues, inter alia, that these notices were insufficiently specific and failed to give it an opportunity to forestall the summons.

---

[2] Section 7609(a)(1) of title 26, which prescribes "special procedures for third-party summonses," provides:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code … with respect to, any person (other than the person summoned) who is identified in the summons, then

3

In *Adamowicz*, this court applied a "totality of the circumstances" approach to review an alleged violation of the notice requirement of § 7609, looking first to whether "the IRS acted in bad faith" and whether "any harm or prejudice … resulted from" the alleged violation before ruling on whether a violation actually occurred. *Adamowicz*, 531 F.3d at 161-62.

As we explain below, Highland Capital has failed to establish the IRS's bad faith. Nor has it shown that any harm resulted from the alleged violation. Highland Capital argues "that when the IRS contacts a third party about a taxpayer's audit, that contact can chill the taxpayer's relationship with the third party." Appellant Br. 20-21. Here, however, the IRS first contacted Barclays about the audit three months before issuing the summons. "Highland Capital [does] not argue that it suffered any harm from" that initial contact, Appellant Br. 23, and it offers no reason why later contact might have been less benign.

Even if, as Highland Capital argues, *Adamowicz*'s focus on bad faith and resulting harm does not extend to § 7602(c)(1) challenges, it is not entitled to relief. We conclude, as the District Court did, that regardless of whether Publication 1 satisfies § 7602(c)(1), the oral notice provided to Highland Capital during the January 2014 meeting was sufficient to satisfy that statutory requirement. Highland Capital does not dispute that during that meeting, in discussing Highland Capital's refusal to provide its settlement agreement with Barclays, the IRS informed Highland Capital that the IRS would contact Barclays to obtain the agreement. Nor does Highland Capital dispute that oral notice is sufficient under § 7602(c)(1). *See* 26 C.F.R. § 301.7602-2(d)(1). Rather, Highland Capital argues that this notice did not satisfy § 7602(c)(1) because it did not inform Highland Capital that the IRS would seek from Barclays the specific documents requested in the third-party summons. Highland Capital, however, points to no language in § 7602(c)(1) requiring that a taxpayer receive (1) separate notice before each third-party contact, or (2) advance notice of the specific documents that will be requested from the third-party.[3] Rather, § 7602(c)(1) requires only that a taxpayer receive "reasonable notice in advance . . . that *contacts* with persons other than the taxpayer *may* be made." *See* note 1, *ante* (emphasis added). The IRS satisfied this notice requirement before issuing the third-party summons to Barclays in May 2014.

---

> notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

[3] Highland Capital, as the taxpayer identified in the third-party summons, received a copy of the summons pursuant to § 7609(a)(1)'s notice requirement. *See* note 2, *ante*. Highland Capital does not contend that the IRS failed to comply with that statutory requirement.

## II. Privilege

Highland Capital asserts that the third-party summons seeks privileged material. In addition to seeking to quash a summons by disproving one of the *Powell* factors, a taxpayer may urge that action "on any appropriate ground," *United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014) (internal quotation marks omitted), including the protection of "attorney-client privilege," *Reisman v. Caplin*, 375 U.S. 440, 449 (1964).

We review a District Court's rulings on claims of privilege for abuse of discretion. *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re The City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse" is a nonpejorative "term of art").

Highland Capital argues that the documents sought from Barclays may contain material subject to the attorney-client, work-product, or tax-practitioner privileges. The IRS responds that it is "highly unlikely" that Barclays holds any privileged material, but it does not deny that privileged materials may exist. Appellee Br. 41.

"[C]ompelled disclosure of privileged attorney-client communications, absent waiver or an applicable exception, is contrary to well established precedent." *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001).When parties disagree whether a privilege applies, courts often review the contested material *in camera. See, e.g.*, *United States v. Zolin*, 491 U.S. 554, 574-75 (1989); *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003). In contrast, "requiring a litigant to turn over documents subject to a claim of attorney-client privilege to opposing counsel, *without a judicial ruling on the merits of the claim*, will undermine the attorney-client privilege" and is therefore impermissible. *See Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (emphasis added).

The District Court's failure to consider and rule expressly on the question of privilege constitutes error, and we vacate the District Court's determination on this issue and remand for reconsideration, *see Estate of Fisher v. C.I.R.*, 905 F.2d 645, 651 (2d Cir. 1990); *cf. United States v. Adlman*, 134 F.3d 1194, 1203 (2d Cir. 1998) (vacating and remanding where it was unclear what standard the district court used in finding the work-product doctrine inapplicable), including whatever *in camera* review of the documents at issue may be appropriate in the circumstances presented.

### III. The IRS's Alleged Bad Faith

Courts will not enforce an IRS summons that is "issued for an improper purpose" or in bad faith. *Adamowicz*, 531 F.3d at 159-60 (quoting *Powell*, 379 U.S. at 58). To meet its "heavy" burden of quashing a subpoena for this reason, a taxpayer must allege "specific facts from which a court might infer a possibility of some wrongful conduct by the Government." *Id.* at 160 (emphasis deleted).

Here, Highland Capital argues bad faith by reference to three specific allegations: (1) that the IRS contacted Barclays despite knowing of its "acrimonious relationship" with Highland Capital, in order to damage their relationship; (2) that the IRS breached several agreements regarding the scope and timing of its audits; and (3) that the IRS failed to communicate with Highland Capital regarding a Chief Counsel Advice request. The first allegation is unsupported by the record, which suggests only that the IRS preferred to seek documents from a more cooperative source. Highland Capital has "failed to show how" its second and third allegations are "tied to the summons[ ] at issue beyond the fact that they are loosely all part of the same tax investigation." *Id.*; *cf.* Appellant Br. 33 (denying the need to show any nexus between the summons and the IRS's improper conduct). The District Court found that Highland Capital failed to meet its burden, and we cannot say that it erred, much less committed clear error, in doing so. *See Adamowicz*, 531 F.3d at 160.

### IV. The Right to an Evidentiary Hearing

Even if a taxpayer cannot meet the burden of showing bad faith, it is entitled to an evidentiary hearing on the matter if it "points to specific facts or circumstances plausibly raising an inference of bad faith." *Clarke*, 134 S. Ct. at 2365. We review the court's decision not to grant a hearing for "abuse of discretion." *Id.* at 2368.

The District Court found that Highland failed to introduce credible evidence raising a plausible inference of bad faith. In doing so, the court applied the correct legal standard, and we cannot say it erred in its assessment of the evidence.

### CONCLUSION

We have reviewed the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **VACATE** the District Court's order insofar as it denied Highland Capital's claims of privilege and **REMAND** the cause to the District Court to consider whether an *in camera* hearing is appropriate and, if so, to conduct such a hearing to determine whether the documents sought from Barclays are privileged. We otherwise **AFFIRM** the October 9, 2014 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk