**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1285

FRANK GANGI, et al.,

Petitioners, Appellants,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter, Associate Justice,[*]
and Kayatta, Circuit Judge.

Joseph A. DiRuzzo, III, with whom Fuerst Ittleman David & Joseph, PL was on brief, for appellants.

Robert W. Metzler, Attorney, Tax Division, Department of Justice, with whom Caroline D. Ciraolo, Acting Assistant Attorney General, John Schumann, Attorney, Tax Division, Department of Justice, and Carmen M. Ortiz, United States Attorney, were on brief, for appellee.

March 30, 2016

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**Per Curiam**.  Frank Gangi and several of his companies (collectively, "Gangi") petitioned to quash summonses issued by agents of the Internal Revenue Service conducting investigations. Applying Sugarloaf Funding, LLC v. U.S. Dep't of the Treasury, 584 F.3d 340 (1st Cir. 2009), the district court denied the petitions without an evidentiary hearing and entered an order enforcing the summonses.  Thereafter, the Supreme Court decided United States v. Clarke, 134 S. Ct. 2361 (2014).  Gangi then claimed that Clarke altered the law previously applied in this circuit defining the right of an objecting taxpayer in Gangi's position to an evidentiary hearing to question IRS agents.  For that reason he moved for relief under Federal Rule of Civil Procedure 60(b)(5) on the ground that it would be inequitable going forward to apply the district court's order denying the petitions to quash without allowing examination in open court of the agents involved.  See Fed. R. Civ. P. 60(b)(5) ("[T]he court may relieve a party . . . from a final . . . order . . . [if] . . . applying it prospectively is no longer equitable.").  The district court denied the motion, and Gangi appealed.

The district court did not abuse its discretion in determining that it could equitably apply its pre-Clarke order in a post-Clarke world.  See United States v. Kayser-Roth Corp., 272 F.3d 89, 100 (1st Cir. 2001) (Rule 60(b)(5) denials are reviewed for abuse of discretion).  For purposes of Gangi's case, Clarke

- 2 -

did not materially change the law applied here.  Clarke explained that a taxpayer has a right to examine IRS agents about the reasons for issuing a summons only when "he points to specific facts or circumstances plausibly raising an [implication] of bad faith," 134 S. Ct. at 2365; that is, only when he "offer[s] some credible evidence supporting his charge," id. at 2367.  This is substantially consistent with the standard set forth in Sugarloaf, that the taxpayer "must allege specific facts and evidence to support" an allegation that the summons was issued in bad faith.  See 584 F.3d at 346 (quoting Sterling Trading, LLC v. United States, 553 F. Supp. 2d 1152, 1156 (C.D. Cal. 2008)).  Sugarloaf's specific evidence tending to rebut good faith is the practical equivalent of Clarke's specific facts and circumstances plausibly suggesting bad faith.  And while Clarke was explicit that an offer of circumstantial evidence could suffice, nothing in Sugarloaf so much as hinted otherwise.  There is consequently no reason to doubt the equity of applying the district court's original order based on Sugarloaf together with the finding that Gangi had failed to refer to any specific available evidence tending to rebut the IRS's prima facie showing of proper purpose.

The denial of Gangi's Rule 60(b)(5) motion is AFFIRMED.