United States v. James Mellon

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Petitioner-Appellee,

          -v.-                                    17-399

JAMES ROSS MELLON, II,
          Respondent-Appellant,

VIVIAN RUESCH,

**Respondent.**

- - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Frank Agostino (Lawrence A. Sannicandro, on the brief), Agostino & Associates, P.C., Hackensack, NJ.

FOR APPELLEE:                     Jacob Lillywhite (Rebecca S. Tinio, on the brief), Assistant United States Attorneys, for Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the district court be **AFFIRMED**.

Respondent-appellant James Ross Mellon, II appeals from an order of the district court enforcing an Internal Revenue Service ("IRS") administrative summons concerning alleged non-payment of taxes from 2005 through 2011. Mellon argues on appeal that: (1) the district court lacked personal jurisdiction over him; (2) the administrative summons is not enforceable under United States v. Powell, 379 U.S. 48 (1964), because it was not served in good faith; and (3) the district court lacked subject matter jurisdiction over the administrative summons. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** A district court has personal jurisdiction over "any person [who] is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data" so long as: (1) the person summoned "resides or is found" in that court's district; and (2) the summons was served "by

appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."  I.R.C. § 7604(a).  Mellon first argues that service of the show cause order and petition to enforce the summons was improper under Fed. R. Civ. P. 4(e), which requires that an individual be served at their "dwelling or usual place of abode."  Id.  Mellon contends that his Fifth Avenue apartment, where he was served, is not his dwelling or usual place of abode, and that he lives in Klosters, Switzerland.  Mellon also argues that the improper exercise of personal jurisdiction by the district court violated due process.

We "review the district court's factual findings for clear error and its interpretation of the Internal Revenue Code de novo."  Adamowicz v. United States, 531 F.3d 151, 156 (2d Cir. 2008) (internal citation omitted).  The same standards apply to our review of the district court's ruling on subject matter and personal jurisdiction.  See In re Petition of Germain, 824 F.3d 258, 261 (2d Cir. 2016) (subject matter jurisdiction); Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 128 (2d Cir. 2013) (personal jurisdiction).

Based on the record in the district court, we cannot say the court committed clear error in finding that service on Mellon was proper under Fed. R. Civ. P. 4(e), thereby giving the district court personal jurisdiction over him to enforce the summons.  "[I]n a highly mobile and affluent society, it is unrealistic to interpret [Federal Rule of Civil Procedure 4] so that the person to be served has only one dwelling house or usual place of abode at which process may be left."  Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991)(internal citation omitted).  A wooden reading of the rule would ignore its purpose: to insure that service is reasonably calculated to provide a defendant with actual notice of the action.  See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (due process requires that "notice [be] reasonably calculated, under all the circumstances," to provide parties with notice of pending action).  Accordingly, "a person can have two or more 'dwelling houses or usual places of abode,' provided each contains sufficient indicia of permanence."  Nat'l Dev. Co., 930 F.2d at 257.  Such indicia give confidence that the person served will receive notice.

The affidavit from the IRS Agent investigating Mellon, on which the district court relied, documented sufficient indicia of permanence to demonstrate that Mellon's dwelling or usual place of abode was his Fifth Avenue apartment: Mellon has owned the apartment for many years; he listed the Fifth Avenue address as his residence on a power of attorney form and a bank account agreement; he has responded to mail sent by the IRS to the Fifth Avenue address; Mellon has made public representations about residing in the Fifth Avenue apartment; his wife resides in the apartment; and the doorman at the apartment represented that Mellon resides in the apartment.   And Mellon does not deny that he stays in that apartment when in New York.   Mellon countered with declarations from his brother-in-law and a travel agent which state that he primarily lives in Europe.   These declarations do not demonstrate that the district court committed clear error.   See Norris v. Causey, 869 F.3d 360, 368 (5th Cir. 2017) (upholding service at a home in New Mexico where the defendant's wife lived, although the defendant argued that he had permanently relocated to Denver five years prior); Nat'l Dev. Co., 930 F.2d at 257 (upholding service on the defendant at his U.S. apartment despite his having twelve other residences around the world and spending a minority of his time in U.S.); Karlsson v. Rabinowitz, 318 F.2d 666, 667-9 (4th Cir.1963) (upholding service on the defendant's wife at the defendant's former house, even though the defendant had permanently relocated to another state); Dunn v. Burns, 839 N.Y.S.2d 894, 896 (4th Dep't 2007) (finding that service on the defendant's common law wife in the U.S. was proper even though the defendant worked in the United Arab Emirates and argued that he had moved there permanently). Further, because service was proper under Fed. R. Civ. P. 4(e), so that Mellon received actual notice, there is no due process violation.   Mullane, 339 U.S. at 314.[1]

Lastly, the district court was not required to hold an evidentiary hearing to determine Mellon's dwelling or usual place of abode.   Mellon had every opportunity to introduce further evidence supporting his argument to the district

---

[1] Because we conclude that Mellon's dwelling or usual place of abode was his Fifth Avenue apartment, there is no need to remand this case to the district court with instructions to consider the effect of the Hague Service Convention and I.R.C. § 7701 on personal jurisdiction.

court, chose not to, and did not request an evidentiary hearing on this matter. See United States v. Noall, 587 F.2d 123, 127 (2d Cir. 1978) (hearing not necessary where taxpayer "could have proffered appropriate affidavits"). We will not remand to correct his omissions.

**2.** Mellon next argues that service of the administrative summons was not in accordance with I.R.C. § 7603(a) because he was not served at his "last and usual place of abode," as required by that provision, and that the government cannot demonstrate "good faith in issuing the summons." United States v. Clarke, 134 S. Ct. 2361, 2365 (2014).

An individual must comply with an IRS summons as "long as the summons meets statutory requirements and is issued in good faith[.]" United States v. Stuart, 489 U.S. 353, 356 (1989). For "good faith," the government must make a prima facie showing as to the four factors listed in United States v. Powell, 379 U.S. 48 (1964). Clarke, 134 S. Ct. at 2365. The four Powell factors are: (1) the IRS' investigation is conducted pursuant to a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4)the administrative steps required by the Code have been followed. Powell, 379 U.S. at 57-58. "[T]he IRS usually files an affidavit from the responsible investigating agent." Clarke 134 S. Ct. at 2365. The Supreme Court "long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'oversee[ing] the [IRS's] determinations to investigate.'" Id. at 2367 (internal citation omitted).

Once the government sustains its "minimal" burden of compliance with the Powell factors, "the burden shifts to the taxpayer to disprove one of the four Powell criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process." Adamowicz, 531 F.3d at 156 (internal citation and quotation marks omitted). "The taxpayer bears a heavy burden in this regard, because he or she must disprove the actual existence of a valid civil tax determination or collection purpose by the IRS." Id. Mellon's arguments fail for three reasons.

5

First, this argument was not made below before the district court, so Mellon forfeited any right to bring it before this court.   See Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994)("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Second, if we exercised discretion to hear this forfeited argument, Mellon cannot support the heavy burden of proving that his Fifth Avenue apartment is not his "last and usual place of abode."   The district court relied on two affidavits from the investigating IRS Agent, as well as supporting documents and Mr. Mellon's own statements.   While Mellon argues that, at a minimum, he deserved an evidentiary hearing, as stated prior, one was not required, he did not request one, and we will not remand for a hearing where Mellon had every opportunity to proffer evidence already.   See Noall, 587 F.2d at 127.

Third, even if the summons was not served at Mellon's "last and usual place of abode" in accordance with I.R.C. § 7603(a), "violations of the IRC or tax regulations occurring in the course of a tax investigation do not necessarily require related tax summonses to be quashed."   Adamowicz, 531 F.3d at 161. We look at the totality of the circumstances, and will conclude the issuance of a summons violated Powell only if the taxpayer can show "they have been harmed or prejudiced by the alleged errors."   Id. at 162; see also United States v. Richey, 632 F.3d 559, 564–65 (9th Cir. 2011); I.R.S. v. Celenze, 78 F.3d 598 (10th Cir. 1996); Mimick v. United States, 952 F.2d 230, 232 (8th Cir. 1991); United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir.1987).   Mellon at no point argues that he was harmed or prejudiced by the delivery of summons to the address that he provided to the investigating IRS Agent; indeed, he responded to the summons. Therefore, the government has demonstrated good faith in issuing the summons.

**3.**    Mellon's final argument is that the district court lacked subject matter jurisdiction over the government's petition to enforce the summons because it was improperly served.   This argument is meritless.   The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1340, which confers on federal district courts subject matter jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue."   That includes IRS summons enforcement actions.   And 28 U.S.C. § 1345 grants district courts

subject matter jurisdiction over "all civil actions, suits or proceedings commenced by the United States," including IRS summons enforcement suits.   Mellon argues that I.R.C. section 7604(a) grants district courts subject-matter jurisdiction over summons enforcement proceedings, but requires proper service to confer jurisdiction.   But Mellon does not demonstrate how violating this specific grant of subject-matter jurisdiction would strip the district court of its general grant of subject-matter jurisdiction under 28 U.S.C. §§ 1340 and 1345.   Mellon's other subject-matter jurisdiction arguments are similarly without merit.

Accordingly, the sentence of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK