[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13190

_____

D.C. Docket Nos. 9:11-mc-80456-KLR; 9:11-mc-80457-KLR


9:11-mc-80456-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

MICHAEL CLARKE,
As Chief Financial Officer of Beekman Vista, Inc.,
DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Defendants-Appellants.


------------------------------------------------------------
9:11-mc-80457-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Plaintiff-Appellant,

MICHAEL CLARKE,
As Chief Financial Officer of Dynamo GP, Inc.,
As General Partner of Dynamo Holdings Limited
Partnership,

Defendant-Appellant.

------------------------------------------------------------
9:11-mc-80459-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Plaintiff-Appellant,

RITA HOLLOWAY,
As Trustee for the 2005 Christine Moog Family
Delaware Dynasty Trust,

Defendant.

------------------------------------------------------------
9:11-mc-80460-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC JULIEN,
As Trustee for the 2005 Robert Julien Delaware
Dynasty Trust,

Defendant,

2

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Defendant-Appellant.
--------------------------------------------------------------------
9:11-mc-80461-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JULIEN,

Defendant-Appellant,

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Intervenor Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2014)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARCUS, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

The Supreme Court has remanded this case to us to determine whether

Appellants, Dynamo Holding Limited Partnership and several individuals

_____

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

3

associated with the company, have pointed to specific facts or circumstances plausibly raising an inference that the Internal Revenue Service (the IRS or the Service) issued five administrative summonses in bad faith such that Appellants were entitled to examine an IRS agent regarding the Service's reasons for issuing the summonses. *United States v. Clarke*, No. 13-301 at 6-8 (U.S. June 19, 2014).

In remanding, the Supreme Court elaborated on the applicable standard, stating:

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. And although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive.

*Id.* at 6-7.

The Supreme Court left to us the task of determining whether Appellants' evidentiary submissions—including the affidavits of Michael Clarke, the chief financial officer of Dynamo GP Inc., and Richard Sapinski, an attorney representing another party in connection with the IRS's investigation into Dynamo's tax liabilities—met the applicable standard. The Court also left to us the task of determining whether the district court "asked and answered the relevant

question" in ordering enforcement of the summonses; that is, "whether the [Appellants] pointed to specific facts or circumstances plausibly raising an inference of improper motive." *Id.* at 8.  We are unable to discern from the district court's order whether it asked and answered the relevant question.  We will therefore give the district court the opportunity in the first instance to apply the standard articulated by the Supreme Court.  Specifically, the district court should determine, in light of all of the evidence and the affidavits highlighted by the Supreme Court, whether Appellants pointed to specific facts or circumstances plausibly raising an inference of improper purpose.

On remand, the district court should also consider in the first instance whether the improper purposes alleged by Appellants, i.e., retaliating for Dynamo's refusal to extend a statute of limitations deadline for a third time and seeking enforcement to avoid the Tax Court's discovery rules, are improper as a matter of law.[1]

This case is remanded to the district court for further proceedings consistent with this opinion and the opinion of the Supreme Court.

**REMANDED.**

---

[1] We take no position regarding the nature of any further proceedings in the district court and leave to it the question whether to take additional evidence, hold a hearing, or allow the parties an opportunity for additional argument.

5