[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-11663 & 15-11996
_____

D.C. Docket Nos. 9:11-mc-80456-KLR, 9:12-mc-80190-KLR


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MICHAEL CLARKE,
as Chief Financial Officer of BEEKMAN
VISTA, INC. and DYNAMO HOLDINGS LIMITED
PARTNERSHIP,

Defendants–Appellants,

ROBERT JULIAN,

Defendant–Appellant,

DYNAMO HOLDINGS LIMITED PARTNERSHIP,

Defendant–Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 15, 2016)

Before WILLIAM PRYOR and DUBINA, Circuit Judges, and ROBRENO,[*] District Judge.

DUBINA, Circuit Judge:

This consolidated appeal returns to us from the district court on remand from the United States Supreme Court.  In *Clarke*, the Supreme Court vacated and remanded our previous opinion, *United States v. Clarke* (*Clarke I*), 517 F. App'x 689 (11th Cir. 2013),  and provided a clear standard under which a taxpayer is entitled to an evidentiary hearing to examine Internal Revenue Service ("IRS") agents concerning their motives for issuing a summons.  *United States v. Clarke* (*Clarke*), 573 U.S. ___, ___, 134 S. Ct. 2361, 2367–68 (2014).  We remanded the case to the district court to determine whether Appellants' allegations of improper purpose were improper as a matter of law or sufficiently supported under *Clarke* to require a hearing.  *United States v. Clarke* (*Clarke II*), 573 F. App'x 826 (11th Cir. 2014).  The district court enforced the summonses, finding that Appellants neither alleged improper motives as a matter of law nor met their burden under *Clarke*. *United States v. Clarke* (*Clarke III*), 2015 WL 1324372, at *3 (S.D. Fla. Feb. 18, 2015).  Appellants again appeal to this court.  After reviewing the briefs and having the benefit of oral argument, we agree with the district court that Appellants failed to meet their burden under *Clarke* and affirm the district court's order.

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## I. BACKGROUND

This appeal challenges six actions brought by the district court to enforce summonses issued by the IRS in an investigation of Dynamo Holdings Limited Partnership ("DHLP") and Beekman Vista, Inc. ("Beekman").[1]  As the facts and procedural history of this case have been well detailed in previous opinions, *Clarke*, 573 U.S. at ___, 134 S. Ct. at 2365–67; *Clarke III*, 2015 WL 1324372, at *1, we will provide only material facts as a predicate for our discussion.

*A.  Facts*

The IRS has broad authority to conduct "inquiries, determinations, and assessments of all taxes" imposed by the Internal Revenue Code. 26 U.S.C. § 6201(a) (2012).  The disputes in this case arise from the IRS's examination of the 2005–2007 tax returns for DHLP. Over the course of the investigation, DHLP agreed to two, one-year extensions of the three-year statute of limitation for the IRS's examination.  In 2010, DHLP refused a third extension.  Shortly thereafter, in the fall of 2010, investigating IRS Agent Fierfelder issued five administrative summonses to four individuals associated with DHLP.  None of the summonees complied.  The IRS did not seek enforcement of the summonses from the district

---

[1] The district court consolidated the enforcement proceedings for five IRS summonses issued to investigate DHLP. Order Granting Mot. to Consolidate, *United States v. Clarke*, No. 11-80456 (S.D. Fla. Sept. 14, 2011), ECF No. 18. A similar enforcement proceeding was brought against Robert Julien, as President of Beekman. *United States v. Julien*, No. 12-80190 (S.D. Fla. Feb. 2012).  We consolidated the appeals from these two cases.  Order, *United States v. Clarke*, Nos. 15-11663-EE & 15-11996-FF (11th Cir. June 5, 2015), ECF No. 67.

3

court prior to the expiration of the limitations period.  Instead, the IRS issued a Final Partnership Administrative Adjustment (FPAA)[2] to DHLP on December 28, 2010.  The FPAA proposed numerous adjustments to DHLP's returns.  On February 1, 2011, DHLP filed its timely challenge to the FPAA in the tax court.  The IRS filed its answer on April 7, 2011.  Those proceedings were stayed by the tax court in light of the dispute at issue in the instant case.

### B. Procedural History

On April 28, 2011, the IRS filed five petitions in the United States District Court for the Southern District of Florida to enforce the previously issued 2010 summonses.  In support of these petitions, Agent Fierfelder submitted an affidavit stating that she followed all administrative steps of the tax code; required the information sought in the summonses to further her investigation; did not already possess the information; and did not issue the summonses for an improper purpose.  The district court found that the IRS made a prima facie showing to enforce the summonses and issued orders to the summonees to show cause as to why the summonses should not be enforced.  In response, Appellants requested a hearing to

---

[2] Title IV of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) addresses the assessment of partnership-related tax deficiencies by the IRS, relevant to the IRS's assessment of DHLP and Beekman in the instant case. *See* 26 U.S.C. §§ 6221–6232 (2012) (repealed by the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, 129 Stat. 584 (2015)). Under TEFRA, if any adjustments to a partnership return are required, the IRS must issue an FPAA notifying the partners of the adjustments. §6223(a)(2). An FPAA is the functional equivalent of a Statutory Notice of Deficiency for individual taxpayers.

examine Agent Fierfelder to determine whether the summonses were issued for the improper purpose to retaliate for DHLP's refusal to extend the limitations period or to circumvent tax court discovery limitations in light of the pending tax litigation.

The district court denied Appellants' request for a hearing and enforced the summonses, finding that Appellants failed to make any meaningful allegation that the IRS issued the summonses for an improper purpose. On appeal, we concluded that the district court abused its discretion by denying the request for an evidentiary hearing where, under Eleventh Circuit precedent, an allegation of improper purpose in issuing a summons was sufficient to require a hearing. *Clarke I*, 517 F. App'x at 691 (citing *Nero Trading, LLC v. Dep't of Treasury*, 570 F.3d 1244, 1249 (11th Cir. 2009)). We remanded the case to the district court to conduct an evidentiary hearing. *Id.*

The IRS appealed to the United States Supreme Court. The Supreme Court granted certiorari, noting that the Eleventh Circuit was alone in its view that a "bare allegation of improper motive entitles a person objecting to an IRS summons to examine the responsible officials." *Clarke*, 573 U.S. at ___, 134 S. Ct. at 2367. The Supreme Court rejected our view and provided the clear standard that a "taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith." *Id.* at ___, 134 S. Ct. at 2367. The Supreme Court remanded the case to our court to consider Appellants'

5

allegations and evidentiary submissions in light of the new standard.  *Id.* at ___, 134 S. Ct. at 2368.  We too remanded, directing the district court on remand to "determine, in light of all of the evidence and the affidavits highlighted by the Supreme Court, whether Appellants pointed to specific facts or circumstances plausibly raising an inference of improper purpose."  *Clarke II*, 573 F. App'x at 827.  We further instructed the district court to determine "whether the improper purposes alleged by Appellants . . . are improper as a matter of law."  *Id.*

After remand to the district court, Appellants requested leave to rebrief their arguments under the new *Clarke* standard and provide additional evidence not presented in the initial briefs.  The district court permitted Appellants to brief their arguments under *Clarke*, but denied their request to present any new evidence concerning their allegations.  *Clarke III*, 2015 WL 1324372, at *1.

Appellants' arguments on remand closely mirrored the defenses raised in response to the district court's show cause orders.  To support their allegations of retaliation, Appellants stressed the timeline of the IRS's decision to seek enforcement—six months after the summonses were issued, four months after the FPAA was issued, and in the same month that the IRS answered the tax court petition.  Appellants also noted that Agent Fierfelder signed the FPAA weeks before she issued the summonses.  These facts, they argued, established that the information sought through the summonses was not necessary to Agent

6

Fierfelder's investigation and supported the inference that the summonses were only issued to punish DHLP.

Next, Appellants alleged that the IRS sought enforcement of the summonses to evade more stringent tax court discovery rules. Appellants provided evidence that Agent Fierfelder did not examine Christine Moog, a trust beneficiary who complied with an IRS summons in September 2011. Instead, lead IRS counsel in the pending tax litigation, David Flassing, conducted the examination. From this, Appellants argued, the court could infer that the summonses were not enforced for use in Agent Fierfelder's investigation, but instead to circumvent the tax court's discovery process.

In the Julien case, the IRS had closed its investigation for Beekman for the taxable years of 2005–2006. However, in September 2011 the IRS issued a summons relating to those years to Robert Julien, as President of Beekman. The purpose of the additional investigation was to reexamine Beekman's records regarding information uncovered during the examination of DHLP—namely, $740,000,000 in property transfers between the two companies. The IRS notified Beekman of the need to conduct a second examination of its records in accordance with 26 U.S.C. §7605(b) (2012). Julien did not comply with the summons, and in response to the district court's show cause order alleged that the Beekman and

7

DHLP summonses were issued to circumvent discovery and perform an "illegal second audit" of Beekman.

Ultimately, the district court found that none of the grounds on which Appellants challenged the IRS summons were improper as a matter of law.[3] In addition, the court found that none of Appellants' submissions showed "facts giving rise to a plausible inference of improper motive regarding issuance of the summons." *Id.* at *3. Accordingly, the district court denied Appellants' request for an evidentiary hearing and enforced the summonses. *Id.* This appeal followed.

## II. STANDARDS OF REVIEW

We review "for abuse of discretion a trial court's decision to order—or not—the questioning of IRS agents." *Clarke*, 573 U.S. at ___, 134 S. Ct. at 2368. A district court abuses its discretion when it makes an error of law, and we must ensure the trial court applied the correct legal standards. *Id.* at ___, 134 S. Ct. at 2368 (citing *Fox v. Vice*, 563 U.S. 826, ___, 131 S. Ct. 2205, 2217 (2011)). The district court's conclusions of law are reviewed de novo. *Bok v. Mut. Assurance, Inc.*, 119 F.3d 927, 929 (11th Cir. 1997). "An order enforcing an IRS summons will not be reversed unless clearly erroneous." *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993).

---

[3] The district court adopted its reasoning from *Clarke III* to its final order in the *Julien* case. Order Enforcing Summons, *United States v. Julien*, No. 12-80190 (S.D. Fla. Mar. 6, 2015), ECF No. 17.

### III. DISCUSSION

The IRS's authority to investigate is extensive. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 816, 104 S. Ct. 1495, 1502 (1984). Under 26 U.S.C. §7602(a), the IRS may issue a summons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." *See also United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008).

The summons authority is subject to limitations. Under *Powell*, the IRS must make a four-part prima facie showing to obtain enforcement of a summons from the district court: that (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "the inquiry may be relevant to the purpose," (3) "the information sought is not already within the Commissioner's possession," and (4) "the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57–58, 85 S. Ct. 248, 255 (1964). Afterward, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." *United States v. La Mura*, 765 F.2d 974, 979–80 (11th Cir. 1985). However, a court reviewing an enforcement petition "may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'oversee[ing] the [IRS's]

9

determinations to investigate.'" *Clarke*, 573 U.S. at ___, 134 S. Ct. at 2367 (alterations in original) (quoting *Powell*, 379 U.S. at 56, 85 S. Ct. at 254).

Under *Clarke*, a taxpayer is entitled to examine an IRS agent concerning the issuance of a summons only when he can "make a showing of facts that give rise to a plausible inference of improper motive." *Id.* at ___, 134 S. Ct. at 2368. Examples of an improper purpose to issue a summons include harassment of the taxpayer or "any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58, 85 S. Ct. at 255.

On appeal, Appellants argue that they were entitled to provide new evidence under the more stringent *Clarke* standard and that the district court incorrectly applied *Clarke* to its submissions. We address the district court's legal conclusions, application of *Clarke*, and Appellants' remaining arguments below.

*A.  What Constitutes an Improper Purpose as a Matter of Law*

The district court's order found that none of the improper purposes alleged by Appellants were an improper motive to issue a summons as a matter of law. *Clarke III*, 2015 WL 1324372, at *1. With regard to the allegations of retaliation and circumvention of tax discovery, we disagree.[4]

---

[4] We concur, however, with the district court's assessment of the purported "second illegal audit" of Beekman alleged in the Julien case. *See generally Clarke III*, 2015 WL 1324372, at *1 (noting that a secondary use for requested information does not render the motive for issuing a summons improper). Also, as noted by the United States in its brief, Appellants did not

1. *Retaliation*

The district court dismissed Appellants' retaliation arguments chiefly because "[i]f information remains to be gathered and the statute of limitation has expired, the IRS has no alternative but to institute a formal summons process." *Clarke III*, 2015 WL 1324372, at \*2. While this conclusion may be germane to the case at hand, it fails to meaningfully address the legal issue of whether issuing a summons only to retaliate against a taxpayer would be improper as a matter of law. We believe that it would. Using the summons power to retaliate against a taxpayer is akin to improper harassment of the taxpayer. The Supreme Court did not disturb our conclusion in *Clarke I* that "[i]f the IRS issued the summonses only to retaliate against [DHLP], that purpose 'reflect[s] on the good faith of the particular investigation,' and would be improper." 517 F. App'x at 691 (third alteration in original) (quoting *Powell*, 379 U.S. at 58, 85 S. Ct. at 255). The factual difficulty in differentiating between a retaliatory summons and a summons issued after a taxpayer's refusal to extend the limitations period has no bearing on this legal question. We conclude that issuing a summons for the sole purpose of retaliation against a taxpayer would be improper as a matter of law.

---

provide any evidence that Beekman entered into a "final" settlement of its tax liability that would preclude the opening of a second investigation under §7605(b).

11

## 2. *Circumventing Tax Court Discovery*

Appellants argue that issuing an IRS summons in order to circumvent tax court discovery would be improper as a matter of law. There is ample case law in which taxpayers allege circumvention of tax discovery as an improper purpose to issue a summons. *See, e.g.*, *Ash v. Comm'r*, 96 T.C. 459 (1991). However, because it is well-established that the validity of a summons is tested at the date of issuance and "[p]roceedings in the tax court do not extinguish the Commissioner's summons power," this claim is rarely tenable. *United States v. Roundtree*, 420 F.2d 845, 848 n.3 (5th Cir. 1969)[5]; *United States v. Centennial Builders, Inc.*, 747 F.2d 678, 681 n.1 (11th Cir. 1984) (validity of a summons tested at date of issuance). This case is no different—Agent Fierfelder's summonses were issued pursuant to a valid investigation of Appellants, within the limitations period,[6] and before the tax proceedings commenced. That the summoned information may assist the IRS in preparing for its case in the tax court is of no consequence—the

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[6] The statute of limitation to assess a partnership return is suspended during the period in which the taxpayer may challenge the FPAA in court, or, until the court's decision becomes final, and then for one year after. 26 U.S.C. §6229(d) (2012). The effect of this section in the instant case is that because the IRS issued the FPAA before the limitations period expired, its ability to assess and collect from DHLP is extended to one year following the tax court's final decision. Accordingly, despite Appellants' apparent arguments to the contrary, the limitations period to assess DHLP remains open.

taxpayer became obligated to provide that information well before the tax case commenced.

Notwithstanding the facts of the instant case, it would clearly be an improper purpose for the IRS to issue a summons in bad faith outside a legitimate investigation, with the sole motive of circumventing tax court discovery. *See United States v. PAA Mgmt., Ltd.*, 962 F.2d 212, 219 (2d Cir. 1992) (distinguishing a summons issued after the initiation of tax court proceedings). We stress that given our deference to the IRS's broad authority to investigate, the circumstances under which a taxpayer could successfully allege improper circumvention of tax discovery are exceptionally narrow. However, we will not limit courts from examining distinct scenarios that may plausibly support such allegations. Accordingly, we conclude that issuing summons in bad faith for the sole purpose of circumventing tax court discovery would be an improper purpose as a matter of law.

### B. *The District Court's Decision to Exclude New Evidence*

Appellants argue that the district court's refusal to hear additional evidence in light of the new *Clarke* standard was an abuse of discretion. The instant case involves the right to examine an IRS agent in a summons enforcement proceeding, which, as the United States points out, is to be "summary in nature." *United States v. Stuart*, 489 U.S. 353, 369, 109 S. Ct. 1183, 1193 (1989). The district court's

13

decision not to hold a status conference or permit additional evidence is appropriate in light of the summary nature of a summons enforcement proceeding. Accordingly, we find no abuse of discretion.

### C. Appellants' Submissions Under Clarke

Although the district court erred in finding that the allegations set forth by Appellants could not constitute an improper purpose as a matter of law, the district court correctly found that Appellants failed to meet their burden under *Clarke*. *Clarke* permits a taxpayer challenging the enforcement of a summons "to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith." *Clarke*, 573 U.S. at ___, 134 S. Ct. at 2367. Although circumstantial evidence may support a plausible inference, mere conjecture or bare assertion of an improper purpose is not sufficient. *Id.* at ___, 134 S. Ct at 2367–68.

Appellants' submissions raise many allegations, but no plausible inference of improper motive. First, the submission that the timeline of the issuance of the summonses supports an inference of retaliation by the IRS requires substantial conjecture that is both implausible and unsupported by the record. Further, none of Appellants' submissions suggest that the summonses were issued in bad faith anticipation of tax court proceedings rather than in furtherance of Agent Fierfelder's investigation. As conjecture and bare allegations of improper purpose are insufficient as a matter of law, we conclude that Appellants failed to meet their

14

burden under *Clarke* and the district court did not abuse its discretion denying Appellants' request for an evidentiary hearing.

### D. Enforcement of the Summonses

The validity of a summons is tested at the date of issuance. *Centennial Builders, Inc.*, 747 F.2d at 681 n.1. Despite this, Appellants argue that the December 2010 issuance of the FPAA foreclosed the IRS's legitimate need for the summoned information. Appellants urge that the only conceivable use for the summoned information would be to improperly circumvent the tax court's discovery rules, and the enforcement of these summonses was an abuse of the district court's process that should be reversed.

We conclude that Appellants' argument is unpersuasive as it ignores Appellants' statutory duty to comply with the summonses and overstates the impact of an FPAA on the IRS's investigatory authority. *See* 26 U.S.C. §6230(h) (2012) ("Nothing in this subchapter [i.e., TEFRA] shall be construed as limiting the authority granted to the [IRS] under section 7602 [the summons provision]."); *United States v. Couch*, 409 U.S. 322, 329 n.9, 93 S. Ct. 611, 616 n.9 (1973) ("The rights and obligations of the parties [become] fixed when the summons [is] served."); *PAA Mgmt.*, 962 F.2d at 217 (issuance of an FPAA does not render a later summons illegitimate); *Sugarloaf Funding, LLC v. Dep't of Treasury*, 584 F.3d 340, 349 (1st Cir. 2009). Because neither the issuance of the FPAA nor the

15

initiation of a challenge in the tax court affects the IRS's investigatory authority under §7602, Appellants failed to rebut the IRS's prima facie showing under *Powell* to bar enforcement of the summonses. That the IRS could conceivably attempt to introduce evidence from these summonses in the pending tax litigation does not rise to the level of an abuse of process contemplated by *Powell*. Further, it is the domain of the tax court to control discovery in the pending tax litigation. *Ash*, 96 T.C. at 470–71. Our concern is whether the summonses were validly issued, and—as the district court correctly found—they were. Accordingly, the district court did not err in enforcing the summonses.

## IV. CONCLUSION

Although we conclude the district court erred in its conclusion that allegations of retaliation or circumvention of tax court discovery are not improper purposes to issue a summons as a matter of law, the disposition of this case remains the same. Accordingly, based on the foregoing discussion, we affirm the district court's order denying Appellants' request for an evidentiary hearing and enforcing the six administrative summonses.

AFFIRMED.

16