[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13039
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00651-TCB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIM R. CLOWER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 22, 2016)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

The United States filed a petition to enforce an Internal Revenue Service ("IRS") administrative summons against Jim R. Clower.  The district court entered an order enforcing the summons.  On appeal, Clower argues that the summons was not issued in good faith.  We affirm because the district court did not clearly err in enforcing the summons.

## I.     BACKGROUND

Clower is a Georgia real-estate appraiser who specializes in appraisals concerning conservation easements.[1]  The IRS began investigating whether Clower may have violated certain sections of the Internal Revenue Code (the "I.R.C.") "in connection with his involvement in conservation-easement partnerships or arrangements, or while preparing appraisals of conservation-easements."

In May 2015, as part of that investigation, the IRS issued an administrative summons to Clower pursuant to 26 U.S.C. § 7602.  The summons requested that Clower produce the following:

(1)     All marketing documents for the valuation of conservation easements, including but not limited to advertisements, brochures, and flyers.

(2)     All documents reflecting any of the customers for whom [he] prepared or approved appraisals during the period beginning

---

[1]A conservation easement restricts the development and use of real property with the purpose of achieving certain conservation or preservation goals.  The property owner may, thereafter, claim a charitable contribution deduction on his or her tax return.  Palmer Ranch Holdings Ltd. v. Comm'r, 812 F.3d 982, 986 (11th Cir. 2016).  The amount of the deduction is normally determined with reference to an appraisal of the diminution in value of the property because of the easement.  Id. at 986-88.

2

January 1, 2010 through the present that were completed for the purpose of valuing real property for estate, gift, charitable, conservation easement or historical easement purposes. . . .

(3)     All appraisal work files for the purpose of valuing real property for estate, gift, charitable, conservation easement or historical easement purposes for the period January 1, 2010 to the present. . . .

(4)     Copies of all Form 8283[2] . . . signed, reviewed, approved, or executed by you for the period January 1, 2010 to present.

(5)     All correspondence including emails and facsimiles related to appraisals completed for the purposes of valuing real property for conservation easement or historical easement purposes . . . from January 2010 to present.

Clower refused to comply with the summons.

On December 15, 2015, the United States filed a petition to enforce the summons in district court.  In support, the IRS attached the sworn declaration of IRS Revenue Agent Mary Pennington.  Pennington and her predecessor were assigned to investigate whether Clower had violated the I.R.C. in connection with his preparation of conservation easement appraisals.  Pennington averred that the IRS had identified "at least one conservation-easement appraisal prepared by Clower which appears to be overvalued or improper."

Pennington also averred that her predecessor issued the summons after Clower refused to fully comply with an earlier and more informal request for

_____

[2]IRS Form 8283 ("Noncash Charitable Contributions") is the form that a taxpayer uses to submit his or her claim for the requested tax deduction.  An appraisal form typically accompanies Form 8283.

information.  Pennington declared that (1) the summons "seeks relevant information that may shed light on whether Clower may be subject to civil penalties under I.R.C. §§ 6694, 6695, 6700, 6701, 6707, or 6708"; and (2) it was "necessary to examine the books, papers, records, or other data sought by the summons as part of the examination" into Clower's conduct.  Pennington also declared that the IRS was not already in possession of the records sought and, to the extent that other parties already produced some of the documents, "it is necessary for Clower to provide copies of his original documents so the IRS may be certain it has complete and accurate copies."

On March 15, 2016, a magistrate judge held an evidentiary hearing.  Clower testified that he was resisting the summons because it sought any type of appraisal, not just his appraisals of conservation easements.  He was also concerned that, if the IRS were to contact all of his clients, his business would dry up.  After Clower prepared an appraisal of a conservation easement, he would complete his report and send it to the client.  He would also complete and sign a Form 8283, which would be forwarded to several other parties for their signature before being submitted to the IRS as part of the client/taxpayer's tax return.  Clower explained that he had no control or knowledge of whether his clients actually submitted his appraisal reports to the IRS.  He admitted, however, that he does not see the final, filed Form 8283 and would have no idea if the final form was altered or changed.

4

The magistrate judge then asked the government to clarify the scope of the documents it was requesting with respect to Items 2 and 3 of the summons.  The government's attorney advised that the request was limited to conservation or historical easements.  The government attorney later reiterated that the summons sought documents (in Items 2 and 3) related to "conservation easement and historical easement purposes that were valued for estate, gift or charitable purposes."  The attorney clarified that the summons would encompass appraisals that Clower did for both filed and unfiled federal tax returns and would "shed light" on whether the appraisals were part of the promotion of abusive tax shelters.

The magistrate judge issued a Report and Recommendation ("R&R"), recommending that the IRS's petition be granted.[3]  The magistrate judge determined that, "[a]s limited by the government attorney during the hearing," the IRS had carried its burden of making a prima facie showing that the summons was issued in good faith.  The magistrate judge first determined that Pennington's declaration asserted a legitimate purpose for the investigation.  He then noted that, as written, the summons appeared to request documents that were not "entirely relevant" to the stated legitimate purpose, as required by law.  However, he explained that the government attorney "clarified" at the hearing that "the IRS's

---

[3]After Clower failed to timely respond to the district court's Order to Show Cause, the court entered a default judgment, which Clower later moved to set aside.  The district court ultimately granted Clower's motion to set aside the default.

intention was to request evidence concerning Clower's appraisals of conservation

easements, including where the client was obtaining the appraisal of an easement

for the purpose of an estate tax, gift tax, or charitable de[d]uction." Thus, while

the summons was "broad," "Clower's records of conservation easement appraisals

are relevant to the IRS's investigative purpose." The magistrate judge also

determined that the IRS was not requesting documents already in its possession

and had followed all administrative steps.

After conducting a "careful, de novo review" of the R&R, the district court

adopted it. The district court determined that Clower "accept[ed] the R&R's

limitation of the summons to documents concerning his appraisals of

conservation[] easements" with respect to Items 2 and 3.[4] It rejected Clower's

contention that the IRS must specifically identify the properties or clients for

which it wants documents because there was no requirement that it do so. It also

rejected his argument that the IRS already had all the relevant documents because

it had all Form 8283s filed with the IRS. Thus, the district court granted the

government's petition "with the understanding that the scope of the petition is

---

[4]In his objections to the R&R, Clower "accept[ed] the findings of the [R&R] limiting the documents [he] shall turn over to those 'concerning [his] appraisals of conservation[] easements including where the client was obtaining an easement for the purpose of estate tax, gift tax, or charitable [deduction]."

In its response to Clower's objections to the R&R, the government framed the limitation this way: "Items 2 and 3 specifically seek complete appraisal work files and documents reflecting all customers for whom Clower prepared or approved conservation easement or historical easement appraisals from the period January 1, 2010 through the present, including specific enumerated information to the extent Clower possesses it."

limited as represented by the [IRS's] counsel during the March 15, 2016 hearing before the magistrate judge."  Clower now appeals.

## II.    RELEVANT LAW

"An order enforcing an IRS summons will not be reversed unless clearly erroneous."  United States v. Clarke, 816 F.3d 1310, 1315 (11th Cir. 2016) (quotation and internal quotation marks omitted), petition for cert. filed sub nom. Dynamo Holdings Ltd. P'ship v. United States (U.S. Sept. 19, 2016) (No. 16-358). As part of its "broad powers to obtain information which is relevant to determining whether a taxpayer has complied with the internal revenue laws," the IRS has the authority to issue a summons to a taxpayer or "any other person" to produce any "books, papers, records, or other data" which are relevant to determining the correct tax liability of any person.  26 U.S.C. § 7602(a); United States v. Gottlieb, 712 F.2d 1363, 1366 (11th Cir. 1983).  The IRS may also issue a summons for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b).  The IRS may summon not only "the person liable for tax," but also any person having custody of relevant "books of account," and "any other person the [IRS] may deem proper." [5] § 7602(a).

---

[5]The I.R.C. imposes special requirements when the IRS seeks to examine records held by certain third parties, known as third-party recordkeepers.  26 U.S.C. § 7609; Gottlieb, 712 F.2d at 1366.  For example, in the case of so-called "John Doe" summonses—which do not identify the

If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court. See §§ 7402(b), 7604(a). In order to prevail in an enforcement proceeding, the IRS must make a prima facie showing of the four factors enunciated by the Supreme Court in United States v. Powell, 379 U.S. 48, 85 S. Ct. 248 (1964) (the "Powell factors"). Clarke, 816 F.3d at 1315. The Powell factors are: "(1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry must be relevant to the purpose, (3) the information sought is not already within the [IRS's] possession, and (4) the administrative steps required by the Code have been followed." Id. (internal quotation marks omitted) (quoting Powell, 379 U.S. at 57-58, 85 S. Ct. at 255). The government can meet its burden "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985) (citations omitted).

Once the government makes this showing, the burden then shifts to the party opposing enforcement, who bears the "heavy" burden of disproving the existence

---

person or persons with respect to whose liability the summons is issued—the IRS must establish certain additional facts before a court. 26 U.S.C. § 7609(f). Clower, however, does not fall within the statute's definition of a third-party recordkeeper, see § 7603(b)(2), and does not merit Section 7609's protections. See § 7609(c)(2)(E)(ii) (excepting "any person who is not a third-party recordkeeper" from the requirements and protections of Section 7609). To the extent that the IRS issued the summons with the dual purpose of investigating both Clower's tax liability and the tax liabilities of other, unnamed parties (e.g., his clients), the agency need not comply with the requirements of Section 7609(f) where the information sought was relevant to a legitimate investigation of the summoned taxpayer. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 324, 105 S. Ct. 725, 732 (1985).

8

of a valid civil tax determination or collection purpose by the IRS, disproving one of the four Powell elements, or showing that enforcement of the summons would be an abuse of the court's process.  United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316, 98 S. Ct. 2357, 2367 (1978); Clarke, 816 F.3d at 1315-16.

In examining an IRS summons, courts "must eschew any broader role of overseeing the IRS's determinations to investigate."  Clarke, 816 F.3d at 1316 (internal quotation marks, quotations, and alterations omitted).

## III.    DISCUSSION

Here, the documents sought in Items 2 and 3 of the summons are limited to "evidence concerning Clower's appraisals of conservation easements, including where the client was obtaining the appraisal of an easement for the purpose of an estate tax, gift tax, or charitable de[d]uction."[6]  Given that limitation, the government established a prima facie case for enforcement of the summons.  As detailed below, Agent Pennington's declaration was sufficient to establish all four of the Powell elements, and Clower failed to rebut that showing or otherwise demonstrate that enforcement would be an abuse of the court's process.  See Clarke, 816 F.3d at 1315-16; La Mura, 765 F.2d at 979.

## A.    Legitimate Purpose

---

[6]While Clower arguably challenges the entire summons, he has not shown any error as to Items 1, 4, or 5, which are already narrowly limited in the summons itself.

9

First, the district court's finding that the IRS issued the summons for a legitimate purpose was not clearly erroneous. See Powell, 379 U.S. at 57-58, 85 S. Ct. at 255. Agent Pennington attested that the summons was issued as part of an IRS investigation into whether Clower owed tax penalties related to his conservation-easement appraisals. The record is clear that Clower himself was under investigation, a point the government reiterated at the evidentiary hearing. Clower attempts to deflect the purported focus of the IRS's investigation onto other persons, thereby arguing that the IRS "has no legitimate purpose in requesting land appraisals that were not ultimately used by a taxpayer on an IRS Form 8283" and filed with the IRS. Clower's argument misses the mark for two reasons. First, the record is clear that the IRS investigation centered on whether Clower, not his clients, may owe penalties for violations of the I.R.C. related to conservation-easement appraisals. Second, Clower is incorrect that an IRS investigation may be limited only to filed tax returns. The agency's summons power is "broad," encompassing any information, such as appraisals for tax shelters, that is relevant to an investigation into any offense connected with the enforcement of the internal revenue laws. 26 U.S.C. § 7602(a), (b); Gottlieb, 712 F.2d at 1366.

Clower's other two arguments regarding the legitimacy of the IRS's investigative purpose—that 26 U.S.C. § 6103 bars him from disclosing the tax

10

information of third parties and that the IRS's "underlying political purpose . . . is to discourage the usage of conservation easements" —were not raised before the district court and are, therefore, waived. See Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1249 (11th Cir. 2012) ("It is well-settled that [this Court] will generally refuse to consider arguments raised for the first time on appeal.").[7]

## B.    Relevance

We review a district court's determination that information sought in a summons was relevant to the IRS's investigation only for clear error. See La Mura, 765 F.2d at 982 n.13. The government's burden of showing relevance is "slight." Id. at 981. If the information sought by an IRS summons "might throw light upon the correctness of a taxpayer's return," it is relevant. Id. (internal quotation marks omitted).

We therefore review a limited question: Whether the district court's determination—that the government met its "slight" burden of proving that the information sought by the summons, as limited by the R&R, was relevant to its

---

[7]Even if we were to consider these arguments, they are without merit. I.R.C. § 6103 sets forth a general rule that tax returns and tax-return information are confidential, and individuals who have "access to returns or return information" may not disclose that information. 26 U.S.C. § 6103(a). However, the I.R.C. provides that returns and return information are "open to inspection by or disclosure to officers and employees of the Department of the Treasury" for "tax administration purposes." § 6103(h)(1). Further, this Court has held that Section 6103 does not apply to information that has not passed through the IRS. See Ryan v. United States, 74 F.3d 1161, 1163 (11th Cir. 1996). And Clower's allegations regarding the IRS's improper political purpose are completely conclusory and speculative. See LaSalle Nat'l Bank, 437 U.S. at 316, 98 S. Ct. at 2367 (explaining that taxpayers bear a "heavy" burden to rebut the government's showing of the enforceability of a summons).

11

investigation of whether Clower violated certain provisions of the I.R.C.—was clearly erroneous.  We hold that it was not.  We conclude that the district court properly limited the summons, with respect to Items 2 and 3, to "evidence concerning Clower's appraisals of conservation easements, including where the client was obtaining the appraisal of an easement for the purpose of an estate tax, gift tax, or charitable de[d]uction."   That limitation brought the breadth of information requested within the scope of the IRS's stated investigative purpose— whether Clower's appraisals of conservation easements were improper and in violation of the I.R.C.  With this limitation, all of the items listed in the summons are relevant to the IRS's investigation.

## C.    Information Not Already in IRS Possession

The district court did not clearly err in determining that the information sought in the summons was not already in the IRS's possession.  While the IRS has in its possession the tax returns and 8283 Forms that were actually filed by Clower's clients, they do not have his original appraisal reports or the unfiled versions of the 8283 Forms that he signed.  Some redundancy between the documents does not bar enforcement of an IRS summons.  United States v. Davis, 636 F.2d 1028, 1037 (5th Cir. Unit A 1981)[8] (construing the "'already possessed'

[8]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  Davis was decided in February 1981.

12

principle enunciated by <u>Powell</u> as a gloss on [the statutory] prohibition of 'unnecessary' summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS").

Further, Clower's files contain information that is not yet in the IRS's possession and will be relevant to its investigation. By Clower's own admission, the 8283 Forms that he sent to his clients could have been altered before being submitted to the IRS. And the government attorney represented at the hearing that even unfiled reports are probative of its investigation into whether Clower was preparing improper and overvalued appraisal reports and/or illegally marketing his services as an abusive tax shelter.

### D.    Correct Administrative Procedures

It is unclear from Clower's brief whether he is challenging the fourth Powell factor. Accordingly, we will not address this issue. <u>See</u> <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004) (directing that issues not addressed in a party's brief are deemed abandoned).

For the foregoing reasons, we affirm the enforcement of the IRS summons, as limited with respect to Items 2 and 3 to "evidence concerning Clower's appraisals of conservation easements, including where the client was obtaining the

13

appraisal of an easement for the purpose of an estate tax, gift tax, or charitable de[d]uction."

**AFFIRMED.**