[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12508

_____

HANCOCK COUNTY LAND ACQUISITIONS, LLC,

Plaintiff-Appellant,

BRYAN KELLEY,
individually and as the Tax Matters Partner for
Southeastern Argive Investments, LLC, et al.,

Plaintiffs,

*versus*

UNITED STATES OF AMERICA,
THE INTERNAL REVENUE SERVICE,
CATHERINE C. BROOKS,
Internal Revenue Service Manager,
PAMELA V. STAFFORD,

2                    Opinion of the Court                    21-12508

Internal Revenue Service Revenue Agent,

                                                    Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03096-AT

————————————————

Before WILLIAM PRYOR, Chief Judge, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

Hancock County Land Acquisitions, LLC, claimed a tax deduction for a conservation easement that it donated on property it owned in Mississippi. The IRS undertook a review of the return and ultimately issued a Final Partnership Administrative Adjustment (FPAA).[1] Hancock then sued the IRS and related parties, seeking various forms of injunctive and declaratory relief. The

---

[1] "An FPAA is the functional equivalent of a Statutory Notice of Deficiency for individual taxpayers" and is issued when the IRS determines that an adjustment to a partnership tax return is required. *See United States v. Clarke*, 816 F.3d 1310, 1313 n.2 (11th Cir. 2016).

district court dismissed the lawsuit on jurisdictional grounds.  This is Hancock's appeal.

## I.

In its 2016 tax return, Hancock claimed a charitable contribution deduction of approximately $180 million for a conservation easement it had donated on land it owned.  Two years later, in 2018, the IRS opened an investigation into Hancock's 2016 tax return.  Thereafter, the IRS asked if Hancock would agree to extend the statutory deadline for the IRS to complete its investigation.  *See* I.R.C. § 6229(a) (repealed effective for tax returns filed after 2017).  Hancock initially did not agree to the extension but changed its mind eleven months later.  At that point, the IRS had almost completed its investigation, and the parties never agreed on an extension of the limitations period.  The IRS issued Hancock's FPAA and mailed it to Hancock's tax matters partner on July 23, 2020.

Two days later, on July 25, 2020, apparently without realizing that the FPAA had already been issued, Hancock filed this lawsuit.  Later it filed an amended complaint, which is the operative one, asserting one claim under the Administrative Procedure Act.  The claim alleged that I.R.C. § 7803(e)(4) required the IRS to provide Hancock with "an opportunity to resolve [its] case with the Appeals Office."  Hancock alleged that issuance of the FPAA without first sending the case to the Appeals Office would allow the IRS "to immediately assess a tax" and deprive Hancock of its right to pre-litigation administrative resolution of its tax dispute.

Hancock's amended complaint asked the district court to declare that: (1) Hancock has "the statutory right to the independent review of its case by the Appeals Office," and (2) the IRS is "required to comply with all of the legal requirements imposed by [I.R.C.] § 7803(e)." It also sought injunctive relief: (1) compelling the IRS to agree to extend the statute of limitations, (2) compelling the IRS to provide Hancock with "independent review" of its tax case by the Appeals Office, (3) enjoining the IRS from violating I.R.C. § 7803(e), and (4) temporarily enjoining the IRS "from issuing an FPAA" until after providing Hancock with "an independent review of its case by the Appeals Office."

The IRS moved to dismiss Hancock's complaint, and the district court did so. The court concluded that it did not have subject matter jurisdiction to decide the dispute because the relief Hancock sought was barred by the Anti-Injunction Act (AIA) and the tax exception to the Declaratory Judgment Act (DJA).

## II.

We review *de novo* a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).

Hancock contends that its suit is not barred by the AIA or the tax exception to the DJA.

A.

The AIA provides that, with exceptions that are not relevant in this case, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. § 7421(a). To determine whether the suit seeks to restrain the assessment or collection of taxes, "we inquire not into a taxpayer's subjective motive, but into the action's objective aim — essentially, the relief the suit requests." *CIC Servs., LLC v. Internal Revenue Serv.*, 141 S. Ct. 1582, 1589 (2021). "When the [AIA] applies, it deprives federal courts of jurisdiction." *In re Walter Energy, Inc.*, 911 F.3d 1121, 1136 (11th Cir. 2018).

Hancock first argues that its suit is not barred by the AIA because it does not seek to restrain the assessment or collection of a tax. Relying on *CIC Services*, Hancock argues that its suit challenges only unlawful IRS conduct, not the assessment of a tax. In the *CIC Services* case, the Supreme Court considered whether a suit challenging an information-reporting requirement was barred by the AIA. 141 S. Ct. at 1588. Failure to comply with the reporting requirement would lead to both tax and criminal penalties. *Id.* at 1587–88. The Court held that the suit fell "outside the [AIA] because the injunction" that it requested did not "run against a tax at all." *Id.* at 1593. Instead, the tax penalty functioned "only as a sanction for noncompliance with the reporting obligation," so the plaintiff's suit seeking to enjoin the reporting requirement was not barred by the AIA. *Id.* at 1594.

Three considerations led to that conclusion in *CIC Services*. First, the reporting rule at issue "impose[d] affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty," *id.* at 1591; second, the taxpayer was "nowhere near the cusp of tax liability" because the "reporting rule and the statutory tax penalty [were] several steps removed from each other," *id.*; and third, the requirement was enforced through criminal penalties in addition to tax penalties, *id.* at 1591–92.

Those same three considerations lead to the opposite conclusion here. First, Hancock will not be subject to any "costs separate and apart" from the tax penalty that may result from the FPAA. *Id.* at 1591. Second, Hancock was on "the cusp of tax liability" when it filed its suit, *id.*, because the FPAA is the statutory prerequisite to assessing a tax on Hancock, *see* I.R.C. § 6232(b), and Hancock concedes that "if the FPAA is allowed [to] stand, the IRS will be able to immediately assess a tax." Third, Hancock will suffer no criminal punishment by following the AIA's "familiar pay-now-sue-later procedure." *Id.* at 1592.

At its heart, this suit is "a dispute over taxes." *Id.* at 1593 (quotation marks omitted). Unlike in *CIC Services*, the "legal rule at issue" here, *id.*, is a tax provision, not a reporting requirement backed up with a tax provision. Hancock's single claim alleged that the IRS violated § 7803(e)(4) by failing to provide Hancock with administrative review of its tax case. To remedy that alleged violation, Hancock sought to compel the IRS to provide it with administrative review and, until it did, to prevent the IRS from issuing an

FPAA (which the IRS had already issued). The FPAA that the IRS had issued finds that Hancock improperly claimed a $180 million deduction on its 2016 tax return, resulting in an underpayment of taxes. Because the relief Hancock's lawsuit seeks would restrain the IRS from assessing and collecting those taxes, it is barred by the AIA.

### B.

Hancock argues that even if its lawsuit seeks to restrain the assessment of a tax, it falls within a narrow exception to the AIA. That exception permits injunctive relief for plaintiffs who show that they will "suffer irreparable injury if collection [of the tax] were effected" and show that "it is clear that under no circumstances could the [IRS] ultimately prevail." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

Hancock cannot make either showing. A plaintiff suffers irreparable injury for injunctive purposes when there is no adequate remedy at law. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). The district court correctly pointed out that "another remedy at law exists in connection with [Hancock's] challenge to the FPAA, specifically through the Tax Court." Hancock has already challenged the FPAA in tax court in a parallel proceeding. If issuing the FPAA without providing Hancock administrative review was a violation of I.R.C. § 7803(e)(4), that parallel proceeding can provide a remedy.

8                    Opinion of the Court                    21-12508

It is also far from "clear that under no circumstances could" the IRS prevail on the merits of Hancock's claim. *Williams Packing*, 370 U.S. at 7. Hancock's strict interpretation of § 7803(e)(4) is not the only plausible one. The district court pointed out that I.R.C. § 7803(e)(5) provides for referral to the Appeals Office for "any taxpayer which is in receipt of a notice of deficiency." It interpreted that provision as contemplating appeals for taxpayers already in receipt of a notice of deficiency," or in the case of partnerships, an FPAA. It is at least debatable whether Hancock would succeed on the merits of its claim, which is enough to foreclose application of the *Williams Packing* exception. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 749 (1974) (holding that the petitioner's arguments were "sufficiently debatable to foreclose any notion that" the *Williams Packing* exception applied).

## C.

Finally, the tax exception to the Declaratory Judgment Act bars Hancock's requested declaratory relief. It forbids courts from issuing declaratory judgments "with respect to Federal taxes." 28 U.S.C. § 2201(a). And it is "clear that the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act." *Alexander v. Ams. United Inc.*, 416 U.S. 752, 759 n.10 (1974); *accord Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003).

Hancock concedes that "courts have determined [the two Acts] to be coextensive and coterminous." Because we hold that the AIA bars Hancock's suit, it follows that the tax exception to the

21-12508               Opinion of the Court                    9

DJA bars the declaratory relief Hancock seeks. *See Mobile Republican Assembly*, 353 F.3d at 1362 n.6 (holding that the AIA prohibited the appellees from seeking injunctive relief, which "also fore-close[d] the appellees from seeking declaratory relief"); *see also Alexander*, 416 U.S. at 759 n.10 ("Because we hold that the [Anti-Injunction] Act bars the instant suit, there is no occasion to deal separately with the [tax exception to the Declaratory Judgment Act].").

**AFFIRMED.**